# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 26, 2012

No. 10-70028

Lyle W. Cayce
Clerk

DONALD KEITH NEWBURY,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
3:06-CV-01410-K

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

A Texas jury convicted Donald Keith Newbury of capital murder and sentenced him to death for his role in the shooting death of a City of Irving police officer. Newbury appealed his conviction and sentence to the Texas Court of Criminal Appeals (TCCA), which affirmed both. *Newbury v. State*, 135 S.W.3d 22 (Tex. Crim. App. 2004). The TCCA also denied Newbury's habeas application.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-70028

*Ex Parte Newbury*, No. WR-63822-01, 2006 WL 1545492 (Tex. Crim. App. June 7, 2006).  Newbury then filed a federal habeas application, and the district court denied his application, as well as his motion for a certificate of appealability (COA).  *Newbury v. Thaler*, No. 3-06-CV-1410-K, 2010 WL 3704028, at *1 (N.D. Tex. Sept. 21, 2010).  This court also denied Newbury's motion for COA.  Relevant to this case on remand, we rejected as procedurally barred the portions of Newbury's ineffective assistance of counsel claim that he was presenting for the first time in his federal habeas application.  *Newbury v. Thaler*, 437 F. App'x 290, 295 (5th Cir. 2011), *vacated*, 132 S. Ct. 1309 (2012).

A few months after we denied COA, the Supreme Court held in *Martinez v. Ryan* that where, under state law, "claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial."  132 S. Ct. 1309, 1320 (2012).  Newbury subsequently petitioned the Supreme Court for writ of certiorari, and the Court vacated our decision and remanded for further consideration in light of *Martinez*.

Since remand, another panel of this court has concluded that *Martinez* does not apply to Texas cases.  In *Ibarra v. Thaler*, the panel explained that *Martinez* is limited to states that "divert[ ] ineffectiveness claims to collateral proceedings that function as the prisoner's first opportunity to assert those claims," and that Ibarra, a Texas defendant, "[was] not entitled to the benefit of *Martinez* for his ineffectiveness claims, as Texas procedures entitled him to review through counselled motions for new trial and direct appeal."  No. 11–7003, 2012 WL 2620520, at *4 (5th Cir. June 28, 2012).  Newbury argues in supplemental briefing that *Ibarra* was incorrect because it was decided on

No. 10-70028

theoretical grounds and, in practice, collateral proceedings were his first opportunity to assert an ineffective assistance of counsel claim. However, the same procedures that were available to Ibarra were available to Newbury. Accordingly, we hold that *Martinez* does not affect our previous decision, and we again DENY Newbury's request for a COA.