**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 21, 2012

Lyle W. Cayce
Clerk

No. 12-70026

CLEVE FOSTER,

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CV-210

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

IT IS ORDERED that Cleve Foster's motion for a stay of execution is DENIED. We also determine that the district court properly denied the Rule 60(b) motion. AFFIRMED.

Foster requests a Certificate of Appealability challenging the district court's denial of relief. *See* 28 U.S.C. § 2253(c). Foster's COA request relies on a Supreme Court decision handed down on March 20, 2012. *See Martinez v. Ryan*, 132 S. Ct. 1309 (2012). The Court recognized a new basis to excuse a

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-70026

state prisoner who has brought federal habeas claims from being held procedurally barred for failing to present those claims first in state court:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 132 S. Ct. at 1320.

In light of *Martinez*, on June 1, 2012, Foster filed a Rule 60(b)(6) motion in the district court seeking to vacate that court's final judgment of December 2, 2008. That 2008 decision, which we affirmed, denied him relief in part due to failure to exhaust certain claims in state court. *Foster v. Thaler*, 369 F. App'x 598 (5th Cir. 2010).

On August 13, 2012, the district court refused to grant relief from judgment. The district court relied on a Fifth Circuit decision that held Texas state procedures for considering ineffective-assistance-of-counsel claims were not the kind that *Martinez* required before a failure to exhaust could potentially be excused. *Ibarra v. Thaler*, 687 F.3d 222, 227 (5th Cir. 2012); *see also Ibarra v. Thaler*, No. 11-70031, 2012 WL 3537826, at *6 n.1 (5th Cir. Aug. 17, 2012).

The district court also relied on a different Fifth Circuit precedent that the "decision in *Martinez* . . . does not constitute an 'extraordinary circumstance' under Supreme Court and our precedent to warrant Rule 60(b)(6) relief." *Adams v. Thaler*, 679 F.3d 312, 320 (5th Cir. 2012) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005)).

This court has recently reviewed these same issues. A majority of the

2

No. 12-70026

court refused to reconsider en banc a decision that denied relief in reliance on *Ibarra*.  *See Balentine v. Thaler*, No. 12-70023, 2012 U.S. App. LEXIS 17370, at \*6-9 (5th Cir. Aug. 17, 2012), *reh'g en banc denied*, No. 12-70023, 2012 WL 3570766 (5th Cir. Aug. 21, 2012).  The panel also denied rehearing and supplemented its original decision by relying upon the decision in *Adams*. *Balentine v. Thaler*, No. 12-70023, 2012 WL 3570772 (5th Cir. Aug. 21, 2012).

The denial of the Rule 60(b) Motion for Relief from Judgment is AFFIRMED. The motion for stay of execution is DENIED.  The request  for a COA is DENIED.