**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-5

RICKY JOVAN GRAY,

                    Petitioner - Appellant,

          v.

EDDIE L. PEARSON, Warden, Sussex I State Prison,

                    Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.    Anthony John Trenga, District Judge. (1:11-cv-00630-AJT-TCB)

Argued:    May 15, 2013                    Decided: June 7, 2013

Before DAVIS, WYNN, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished order.  Judge Davis directed entry of the order with the concurrence of Judge Wynn and Judge Diaz.

**ARGUED:** Robert Edward Lee, Jr., VIRGINIA CAPITAL REPRESENTATION RESOURCE CENTER, Charlottesville, Virginia, for Appellant. Matthew P. Dullaghan, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee. **ON BRIEF:** Johnathan P. Sheldon, SHELDON & FLOOD, PLC, Fairfax, Virginia, for Appellant.  Kenneth T. Cuccinelli, II, Attorney General, Richmond, Virginia, for Appellee.

_____

O R D E R
_____


Petitioner Ricky Gray was convicted of capital murder in the commission of a robbery or attempted robbery, capital murder of more than one person as part of the same transaction, capital murder of more than one person, and two counts of capital murder of a person under the age of fourteen by a person age twenty-one or older. The jury found the aggravating factor of vileness and sentenced Gray to death on the two counts of capital murder of a person under the age of fourteen by a person twenty-one or older, and life imprisonment on the remaining capital convictions.

On June 8, 2007, the Virginia Supreme Court affirmed Gray's convictions and sentence. Gray v. Commonwealth of Virginia, 645 S.E.2d 448 (Va. 2007), cert. denied, 552 U.S. 1151 (2008). On March 14, 2008, Gray filed a timely Petition for Writ of Habeas Corpus in the Virginia Supreme Court, asserting ten distinct claims of ineffective assistance of his trial counsel. Gray was appointed counsel to represent him in the state collateral proceedings. Ultimately, the Virginia Supreme Court granted in part (vacating one of the life sentences) and dismissed in part Gray's Petition. Gray then sought federal habeas relief pursuant to 28 U.S.C. § 2254 in the Eastern District of Virginia. The

2

district court appointed the same attorneys who had represented Gray in the state habeas proceedings to represent him in his federal habeas proceedings.

The district court denied all relief, and Gray filed an appeal of that decision on August 29, 2012. The district court issued a certificate of appealability on the two claims currently before this Court: (1) whether the resolution of disputed issues of fact by the Supreme Court of Virginia, based on conflicting sworn declarations without an evidentiary hearing or an opportunity to create a record through discovery, resulted in a decision that was based on an unreasonable determination of fact under 28 U.S.C. 2254(d)(2); and (2) whether Gray is entitled to the appointment of independent counsel under the holding of the United States Supreme Court in Martinez v. Ryan, 132 S. Ct. 1309 (2012), which was handed down during the pendency of Gray's federal habeas proceedings. For the reasons set forth below, we conclude that Gray was entitled to the appointment of independent counsel in his federal habeas proceeding. Accordingly, we vacate the judgment and remand for further proceedings, deferring consideration of his first claim.

Gray's current counsel in these federal habeas proceedings served as his counsel in state habeas proceedings, as well. He argues before us, as he argued before the district court, that under the reasoning and holding of Martinez, he is entitled to

3

counsel who could vigorously examine and present if available potential claims of ineffective assistance by those very counsel in his state habeas proceedings. We agree that this is a correct reading of Martinez.

It is well settled that a federal habeas court is generally unable to review a federal constitutional claim that was "procedurally defaulted" due to the defendant's failure to raise the claim in accordance with state law requirements. Richmond v. Polk, 375 F.3d 309, 322 (4th Cir. 2004); Monroe v. Angelone, 323 F.3d 286, 297 n.16 (4th Cir. 2003). This is so because the judgment in such a case is based on an "independent and adequate state ground" with which federal habeas courts will not interfere. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). However, a procedurally defaulted claim can be reviewed by a federal habeas court if the prisoner can establish "cause" for the default, and "prejudice" from a violation of federal law. Wainwright v. Sykes, 433 U.S. 72, 87 (1977).

The Supreme Court had previously held in Coleman that because a habeas petitioner has no constitutional right to counsel in state post-conviction proceedings, the ineffectiveness of post-conviction counsel cannot establish "cause" to excuse a procedural default. Coleman, 501 U.S. at 757. The Court established an exception to that rule in Martinez.

4

In <u>Martinez</u>, the Supreme Court considered "whether a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." <u>Martinez</u>, 132 S. Ct. at 1313. The Court coined the term "initial-review collateral proceeding" to describe the situation where a state makes the state collateral proceedings the first instance in which a prisoner can bring an ineffective assistance of trial counsel challenge. <u>Id.</u> at 1315. In states that have such a requirement, the initial-review collateral proceeding is a "prisoner's 'one and only appeal' as to an ineffective-assistance claim . . . ." <u>Id.</u> (quoting <u>Coleman</u>, 501 U.S. at 756). This reality led the <u>Martinez</u> Court to hold that

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim . . . where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

<u>Martinez</u>, 132 S. Ct. at 1318. In order to overcome the default, the <u>Martinez</u> Court went on to hold, the "prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." <u>Id.</u>

5

Thus, the Court established an exception to Coleman, and concluded that federal habeas courts can find "cause" to excuse a procedural default where

> (1) the claim of 'ineffective assistance of trial counsel' was a 'substantial' claim; (2) the 'cause' consisted of there being 'no counsel' or only 'ineffective' counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the 'initial' review proceeding in respect to the 'ineffective-assistance-of-trial-counsel claim'; and (4) state law requires that an 'ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding.'

Trevino v. Thaler, No. 11–10189, 2013 WL 2300805(May 28, 2013) (slip. op., at 8) (quoting Martinez, 132 S. Ct. at 1318).[*]

Virginia requires prisoners to bring ineffective-assistance-of-trial-counsel claims, for the first time, in state collateral proceedings. Johnson v. Commonwealth, 529 S.E.2d 769, 781 (Va. 2000). Because of this, Gray contends that Martinez is applicable to his case, and that his unique circumstance requires the appointment of new counsel to enable him to fully investigate any available Martinez claims.

---

[*] In Trevino, the Supreme Court elaborated on and expanded the Martinez exception, explaining that it is applicable not only in circumstances where a state requires a defendant to initially raise an ineffective-assistance-of-trial-counsel claim in a state collateral proceeding, but also when a state, as the Court found was the case in Texas, maintains a procedural regime that amounts to such a requirement, i.e., when it is "virtually impossible" for an ineffective assistance claim to be raised on direct review. Trevino, slip op., at 2.

6

Here, Gray argues, in essence, that because he has been represented by the same counsel in both state and federal post-conviction proceedings, he is unable to identify any potential Martinez claims and to rely thereon to assert "cause" to excuse any such otherwise procedurally defaulted claims because in order to do so his current counsel would be required to argue their own ineffectiveness in their representation of him in state post-conviction proceedings. Gray maintains that such a task would create a conflict of interest that contravenes his counsels' professional ethical duties and thereby corrode their duty of vigorous representation.

The Warden contends, unpersuasively, that no such conflict of interest exists. He argues that "[f]ederal habeas counsel's duties are no different now than before Martinez was decided. If there was a defaulted Strickland claim existing before Martinez that counsel deemed meritorious enough to present, counsel presented it. That has not changed. There is no requirement, and no need, to appoint additional counsel." Appellee's Br. 37. The Warden also points to the fact that Gray's present counsel have failed to identify any potential procedurally defaulted claims, otherwise barred but for Martinez, as evidence that no substantial claim can be made. We do not agree with the Warden's arguments.

7

We find that a clear conflict of interest exists in requiring Gray's counsel to identify and investigate potential errors that they themselves may have made in failing to uncover ineffectiveness of trial counsel while they represented Gray in his state post-conviction proceedings; the conflict is anything but "theoretical." J.A. 1634. Indeed, the Virginia State Bar Ethics Counsel advised Gray's counsel that they are ethically barred from investigating their own ineffectiveness. J.A. 1695. This opinion, in addition to two affidavits of legal ethics experts who agreed that Gray's counsel are ethically barred from representing Gray on his Martinez claims, were presented to the district court. The district court nonetheless denied Gray's motion for new counsel, principally on the ground that such counsel had failed to identify any such potential claims, stating that "there has not been demonstrated a sufficient showing for the appointment of additional counsel."

This refusal to appoint counsel is unsupportable by basic legal ethics principles. Other legal authorities agree. See David M. Barron, Martinez Casts Doubt on State Post conviction and Federal Habeas Representation, 27-FALL CRIM JUST. 42 (2012) ("Because attorneys cannot argue their own ineffectiveness, [Martinez] creates a potential problem regarding whether state postconviction counsel should represent the defendant in federal habeas proceedings.").

8

The fact, even if true, that Gray's counsel did not identify any "sufficient[ly] substantial" claim under <u>Martinez</u> does not undercut their request that independent counsel be appointed to explore Gray's <u>Martinez</u> claims. We see no material difference between an ethical prohibition on a lawyer's attempt to <u>investigate or advance</u> her own potential errors, on the one hand, and a like prohibition on her attempts to <u>identify and produce a list</u> of her own errors giving rise to a "substantial claim" on the other hand.

Accordingly, because Gray's counsel are barred from fully identifying, investigating and presenting his potential <u>Martinez</u> claims, we vacate the judgment of the district court and remand the case for further proceedings not inconsistent with this Order. We defer consideration of the merits of the other claim as to which a certificate of appealability has been granted.

Entered at the direction of Judge Davis, with the concurrence of Judge Wynn and Judge Diaz.

For the Court

/s/ Patricia S. Connor, Clerk

9