FILED: December 10, 2013

**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-7

ANTHONY BERNARD JUNIPER,

       Petitioner - Appellant,

   v.

KEITH W. DAVIS, Warden, Sussex I State Prison

       Respondent - Appellee.

**O R D E R**

GREGORY, Circuit Judge:

Petitioner Anthony Bernard Juniper was convicted in the Circuit Court for the City of Norfolk on four counts of capital murder and other related felony charges. Following a jury trial, Juniper was sentenced to death for each of the capital murder convictions. The jury found the death sentence justified by two aggravating factors, vileness and future dangerousness. The Supreme Court of Virginia affirmed Juniper's convictions and sentences, and the Supreme Court of the United States denied

certiorari.  See Juniper v. Commonwealth, 626 S.E.2d 383 (Va.), cert. denied, 127 S. Ct. 397 (2006).

Juniper filed a petition for writ of habeas corpus in the Supreme Court of Virginia, which was ultimately dismissed.  See Juniper v. Warden of Sussex I State Prison, 707 S.E.2d 290 (Va.), cert. denied, 132 S. Ct. 822 (2011).  Juniper then filed his federal habeas petition in the United States District Court for the Eastern District of Virginia.  The district court denied Juniper's petition, see Juniper v. Pearson, No. 3:11-cv-00746, 2013 WL 1333513 (E.D. Va. 2013), but issued a certificate of appealability on two issues:  (1) whether the district court correctly determined that Juniper's allegations in Claim I of his federal habeas petition failed to satisfy the materiality standard under Brady v. Maryland, 373 U.S. 83 (1963); and (2) whether Juniper was entitled to the appointment of new counsel under Martinez v. Ryan, 132 S. Ct. 1309 (2012).

We requested expedited briefing on the second issue, asking:

> Should this case be vacated and remanded under the reasoning of this court's order in Gray v. Pearson, No. 12-5, 2013 WL 2451083 (4th Cir. June 7, 2013)[?]

Having considered the parties' responses, we find the reasoning of Gray equally applicable to the case at hand, and vacate in part and remand for further proceedings consistent with this order.

2

The Court in Gray made it clear why a federal habeas petitioner is entitled to independent counsel to pursue the ineffectiveness of state habeas counsel in order to raise procedurally barred "ineffective-assistance-of-trial-counsel" claims in the happenstance that the petitioner is represented by the same counsel in both federal and state habeas proceedings. Therefore, we only provide a short recitation of the facts and reasoning of Gray, as we adopt Gray's reasoning in toto.

While federal habeas proceedings were pending in Gray, the Supreme Court issued Martinez v. Ryan, deciding that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S. Ct. at 1320. Thus, for states like Virginia – where a petitioner can only raise an ineffective assistance claim on collateral review – Martinez announced that federal habeas counsel can investigate and pursue the ineffectiveness of state habeas counsel in an effort to overcome the default of procedurally barred ineffective-assistance-of-trial-counsel claims.

In accordance with Martinez, the Gray panel held that the petitioner was entitled to independent counsel in his federal habeas proceedings to investigate and pursue the ineffectiveness of state habeas counsel, rightly espousing "a clear conflict of interest exists in requiring [petitioner's] counsel to identify and investigate potential errors that they themselves may have made in failing to uncover ineffectiveness of trial counsel while they represented [petitioner] in his state post-conviction proceedings." 2013 WL 2451083, at *3.[1] Based on the reasoning of the Gray order, we find that the same outcome is required here.

Martinez was decided during the pendency of Juniper's federal habeas proceedings. Juniper had the same counsel in both his state and federal habeas proceedings, and then after Martinez, petitioned the district court to appoint new, independent counsel to pursue his claims under Martinez. For all relevant purposes, Juniper's case is on all fours

---

[1] Notably, it did not matter to the Gray panel that petitioner did not identify a substantial ineffective-assistance-of-trial-counsel claim under Martinez, see Gray, 2013 WL 2451083, at *3, a reason that compelled the district court to deny Juniper's motion for independent counsel. As in Gray, the fact that Juniper did not identify a substantial claim under Martinez is irrelevant to our disposition of this case.

procedurally with <u>Gray</u>.[2] And as in <u>Gray</u>, we find it ethically untenable to require counsel to assert claims of his or her own ineffectiveness in the state habeas proceedings in order to adequately present defaulted ineffective-assistance-of-trial-counsel claims under <u>Martinez</u> in the federal habeas proceedings.

To be clear, if a federal habeas petitioner is represented by the same counsel as in state habeas proceedings, and the petitioner requests independent counsel in order to investigate and pursue claims under <u>Martinez</u> in a state where the petitioner may only raise ineffective assistance claims in an "initial-review collateral proceeding," qualified and independent counsel is <u>ethically required</u>. A district court must grant the motion for appointment of counsel without regard to whether the underlying motion identifies a 'substantial' ineffective assistance claim under <u>Martinez</u>. See <u>Gray</u>, 2013 WL 2451083, at *3 ("The fact, even if true, that Gray's counsel did not

---

[2] The only arguably relevant distinction between <u>Gray</u> and the case at hand is that Juniper had a second chair counsel appointed for his federal habeas proceedings who did not represent him in state habeas proceedings. The second chair, however, is not qualified under 18 U.S.C. § 3599(c) to represent Juniper independently, and therefore this distinction is of no moment. An attorney who is not authorized to represent a federal habeas petitioner independently necessarily fails to serve as the independent counsel called for in <u>Gray</u>. Juniper is entitled to qualified, independent counsel at all stages of his capital habeas proceedings, including the investigation of claims under <u>Martinez</u>. See <u>Martel v. Clair</u>, 132 S. Ct. 1276 (2012).

identify any 'sufficient[ly] substantial' claim under <u>Martinez</u> does not undercut their request that independent counsel be appointed to explore Gray's <u>Martinez</u> claims.") (alterations in original).

We vacate in part the district court's decision with respect only to the appointment of independent counsel, and remand for further proceedings in accordance with this order. We defer consideration of Juniper's pending motion to expand the certificate of appealability, motion to exceed page length, and motion for leave to file a reply to the government's response.

Entered at the direction of Judge Gregory, with the concurrence of Judge Wynn and Judge Diaz.

For the Court

<u>/s/ Patricia S. Connor, Clerk</u>