DAVIS, Senior Circuit Judge,
concurring in the judgment in part and dissenting in part:
I strongly disagree with the weathered notion that when it comes to eyewitness identification evidence, “[cjourts should be ‘content to rely upon the good sense and judgment of American juries, for evidence with some element of untrustworthiness is customary grist for the jury mill,’ ” and that “ ‘[jjuries are not so susceptible that they cannot measure intelligently the weight of identification testimony that has some questionable feature.’ ” See maj. op. at 454 (quoting Manson v. Brathwaite, 432 U.S. 98, 116, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977)). The hundreds of exonerations splashed across the headlines of popular and legal media over the last decade put the lie to the Supreme Court’s outworn hope that juries can be counted on routinely to reject unreliable eyewitness identification evidence without special guidance from courts. See generally Laura Sullivan, Exonerations On The Rise, And Not Just Because Of DNA, National Public Radio (Feb. 4, 2014, 3:47 AM) (saved as ECF Opinion Attachment). Nevertheless, largely for reasons set forth in the Chief Judge’s thorough opinion, I concur in the judgment that Fowler is not entitled to relief under 28 U.S.C. § 2254.
As for the motion to appoint counsel pursuant to the teachings of Juniper v. Davis, 737 F.3d 288 (4th Cir.2013), I would remand determination of the issue to the district court for its examination in the first instance. If the district court denied the motion, then Fowler would be free to seek from the district court or this Court a certificate of appealability. Accordingly, I *467 dissent from the panel s denial of the motion.