# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-70035

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2015

Lyle W. Cayce
Clerk

MOISES SANDOVAL MENDOZA,

Petitioner - Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:

We GRANT the motion for the appointment of new supplemental counsel. We REMAND THIS CASE IN PART to the district court solely to appoint supplemental counsel consistent with this opinion and the requirements of 18 U.S.C. § 3599, and to consider in the first instance whether the petitioner can establish cause for the procedural default of any ineffective-assistance-of-trial-counsel claims pursuant to *Martinez* and *Trevino* that he may raise, and if so, whether those claims merit relief. We retain jurisdiction in the remainder of the case and STAY proceedings pending the conclusion of the district court's review.

## No. 12-70035

Judges Higginbotham and Southwick concur for the reasons stated in their opinion in *Speer* v. *Stephens*, 13-70001.

No. 12-70035

PRISCILLA R. OWEN, Circuit Judge, concurring:

I concur in the appointment of supplemental counsel, though I do not join the panel majority's truncated resolution of the issues. I write separately to address arguments raised by Mendoza and the State that are not discussed in the panel majority opinion and to set forth why I conclude that supplemental counsel is necessary in this case.

In this proceeding under 28 U.S.C. § 2554, Moises Sandoval Mendoza has appealed the district court's denial of habeas relief. After Mendoza had filed his initial brief in our court, the Supreme Court issued its decision in *Trevino v. Thaler*.[1] Mendoza then moved for a stay of his appeal, requesting that we remand to the district court for appointment of additional counsel. I concur in the decision to grant the motion to stay and to remand to the district court for further proceedings.

## I

In April 2004, Mendoza was indicted for capital murder for intentionally killing Rachelle Tolleson by strangling her with his hands and stabbing her with a knife while committing or attempting to commit burglary, kidnapping, and aggravated sexual assault of Tolleson. After speaking with Mendoza and various members of his family, and considering the evidence against Mendoza, which included DNA evidence and multiple confessions, his defense team pursued a strategy of asserting that Mendoza was guilty of first-degree, but not capital, murder. The jury convicted Mendoza of capital murder, and he was sentenced to death in June 2005. His conviction and death sentence were affirmed on direct appeal in 2008.[2]

---

[1] 133 S. Ct. 1911 (2013).

[2] *Mendoza v. State*, No. AP-75213, 2008 WL 4803471, at *28 (Tex. Crim. App. Nov. 5, 2008), *cert. denied*, 129 S. Ct. 2742 (2009).

No. 12-70035

While Mendoza's direct appeal was pending, Lydia Brandt was appointed as Mendoza's state habeas counsel. Mendoza filed an application for a writ of habeas corpus in state court challenging his conviction and sentence on seven grounds,[3] including assertions that he received ineffective assistance of trial counsel in five respects. The Texas Court of Criminal Appeals denied the application in 2009.[4]

Brandt was subsequently appointed as Mendoza's federal habeas counsel and presented Mendoza's seven state habeas claims in a habeas petition submitted to the federal district court in June 2010. Mendoza filed an amended petition in January 2011 and another in June 2011, both containing substantially the same seven claims originally presented. The district court permitted Mendoza to propound interrogatories to members of his trial defense team but denied his motion for an evidentiary hearing. Following a report and recommendation by a magistrate judge, the district court dismissed with prejudice Mendoza's claims unrelated to ineffective assistance of trial counsel and denied his five ineffective-assistance-of-trial-counsel claims in September 2012. The district court did not decide whether the deferential standard of review in 28 U.S.C. § 2254(d) applied, concluding that Mendoza's claims failed in any event.

Mendoza filed a motion to alter or amend the judgment, which the district court granted in part and denied in part, but which still resulted in the dismissal of Mendoza's claims unrelated to ineffective assistance of trial counsel, and judgment in favor of the Director of the Texas Department of Criminal Justice, Correction Institutions Division (the Director). Mendoza

---

[3] *See Ex parte Mendoza*, No. WR-70211-01, 2009 WL 1617814, at *1 (Tex. Crim. App. Jun. 10, 2009).

[4] *Id.*

4

No. 12-70035

filed a notice of appeal and an application for a certificate of appealability, which was granted in December 2012 on Mendoza's first four ineffective-assistance claims.

While Mendoza's appeal was pending in this court, the Supreme Court decided *Trevino v. Thaler*, which held that its earlier decision in *Martinez v. Ryan*—that the procedural default of a substantial claim of ineffective assistance of trial counsel may be excused when the claim was not properly presented at the first opportunity in state court due to the ineffective assistance of state habeas counsel—applies to Texas state habeas proceedings.[5]  Mendoza subsequently moved to stay proceedings in this court and requested that we remand to the district court with instructions to appoint additional federal habeas counsel to investigate Brandt's possible ineffective assistance as state habeas counsel with regard to potential additional claims that trial counsel provided ineffective assistance.  After Mendoza filed his motion, the Supreme Court decided *Christeson v. Roper*, in which the Court held that Christeson, who had been sentenced to death, was entitled to substitute federal habeas counsel who would not be laboring under a conflict of interest.[6]  Christeson's original federal habeas counsel had missed the filing deadline for Christeson's first federal habeas petition and could not be expected to argue that Christeson was entitled to equitable tolling of the statute of limitations.[7]

## II

Mendoza, represented by Brandt, asserts that because Brandt served as both his federal and state habeas counsel, Brandt has a conflict of interest in

---

[5] *Trevino*, 133 S. Ct. at 1921.

[6] *Christeson v. Roper*, 135 S. Ct. 891, 894-95 (2015) (per curiam).

[7] *Id.*

light of the Supreme Court's decisions in *Christeson* and *Trevino*. Mendoza contends that Brandt was (and is) unable to conduct a sufficiently searching review of her own possible ineffective assistance as state habeas counsel because to do so, she would be required to assess whether she was ineffective in representing Mendoza with respect to ineffective-assistance-of-trial-counsel issues. Mendoza therefore requests that he be appointed additional counsel to conduct a review to determine whether there are any ineffective-assistance-of-trial-counsel claims that should have been, but were not, raised in the state habeas proceedings.

Congress has provided by statute, 18 U.S.C. § 3599(a), that a state defendant charged with committing a crime punishable by death is entitled to counsel if he is or becomes financially unable to obtain adequate representation.[8] This includes counsel in federal habeas proceedings.[9] It is

---

[8] 18 U.S.C. § 3599(a), which provides:

(a)(1) Notwithstanding any other provision of law to the contrary, in every criminal action in which a defendant is charged with a crime which may be punishable by death, a defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services at any time either—

    (A) before judgment; or

    (B) after the entry of a judgment imposing a sentence of death but before the execution of that judgment;

shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).

(2) In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).

[9] *Id*. § 3599(a)(2).

undisputed that Mendoza is financially unable to obtain counsel and that he is entitled to court-appointed counsel.

Although § 3599 "fails to specify how a court should decide" a motion for appointment of new counsel,[10] the Supreme Court concluded in *Martel v. Clair* that the "in the interests of justice" standard should apply in a case in which a defendant sentenced to death in state court sought new counsel during federal habeas proceedings.[11] The "in the interests of justice" standard is derived from 18 U.S.C. § 3006A, the provision that governs the appointment and substitution of counsel in federal non-capital litigation.[12] In *Martel*, the State of California had argued for a more stringent standard, contending that federal courts may replace an appointed lawyer only if there is an actual or constructive denial of counsel.[13] This would occur, the State posited, in only three circumstances: "when the lawyer lacks the qualifications necessary for appointment under the statute; when he has a 'disabling conflict of interest'; or when he has 'completely abandoned' the client."[14] Accordingly, the State of California conceded in *Martel* that actual or constructive denial of counsel would occur if the attorney had a "disabling conflict of interest."

In adopting the "in the interests of justice" standard, the Supreme Court noted that "[h]abeas petitioners facing execution now receive counsel as a matter of right, not [sic] an exercise of the court's discretion" by virtue of § 3599(a)(2).[15] The enactment of § 3599 by Congress "'reflec[ted] a

---

[10] *Martel v. Clair*, 132 S. Ct. 1276, 1284 (2012).

[11] *Id.*

[12] *See id.*

[13] *Id.*

[14] *Id.*

[15] *Id.* at 1285.

determination that quality legal representation is necessary' in all capital proceedings to foster 'fundamental fairness in the imposition of the death penalty.'"[16]

In the present case, the State of Texas argues, in essence, that Brandt is an excellent attorney and that she has acted as an effective advocate for Mendoza. The State contends that Mendoza has a functioning lawyer— Brandt—and therefore that Mendoza's motion for additional counsel should be denied. The Supreme Court rejected similar arguments in *Martel* and *Christeson*.[17] The Supreme Court reasoned that such an interpretation of § 3599 would render its substitution provision "superfluous."[18] Importantly, the Supreme Court observed that "[e]ven in the absence of that provision [§ 3599], a court would have to ensure that the defendant's statutory right to counsel was satisfied throughout the litigation; for example, *the court would have to appoint new counsel if the first lawyer developed a conflict with . . . the client.*"[19] The Court concluded in *Christeson* that a conflict arises when an attorney's interest in protecting her professional reputation is at odds with her duty to raise a claim of ineffective assistance.[20]

Mendoza argues that Brandt may not be able to consider, recommend, or carry out an appropriate course of action in reviewing her own performance as state habeas counsel. In urging this court to appoint additional counsel for

---

[16] *Id.* (quoting *McFarland v. Scott*, 512 U.S. 849, 855, 859 (1994)).

[17] *Christeson v. Roper*, 135 S. Ct. 891, 894 (2015) (per curiam); *Martel*, 132 S. Ct. at 1286 (rejecting the contentions that "a court may not change counsel under § 3599 even if the attorney-client relationship has broken down, so long as the lawyer has the required qualifications and is 'act[ing] as an advocate'" and that even when the relationship has "broken down," the "defendant retains a functioning attorney." (alteration in original)).

[18] *Martel*, 132 S. Ct. at 1286.

[19] *Id.* (emphasis added).

[20] *Christeson*, 135 S. Ct. at 894.

Mendoza, Brandt asserted that if she were found by a federal habeas court to have provided ineffective assistance of counsel in the state habeas proceedings, such a finding would tend to affect negatively the prospect that she would be appointed as counsel in other criminal cases or retained as counsel by other defendants. Brandt observed in her arguments to this court that a finding that state habeas counsel was ineffective may affect not only that counsel's professional reputation but her future earnings, as well.

From an objective observer's viewpoint, Brandt's loyalty to her client reasonably appears to be adversely limited because of her own interests. In other contexts, at least four Circuit courts have recognized that when state habeas counsel was also trial counsel, an inherent conflict of interest is present.[21]

The State of Texas does not contend that Brandt does not have a conflict of interest. Instead, the State argues that Mendoza has not pointed to any ineffective-assistance-of-trial-counsel claim that Brandt should have raised, but did not raise, in the state habeas corpus proceedings. This argument is entirely circular. The State says that Mendoza cannot have conflict-free

---

[21] See Bloomer v. United States, 162 F.3d 187, 192 (2d Cir. 1998) ("[W]e need not find that appellate (or, by analogy, habeas) counsel was ineffective in failing to challenge the quality of the representation that he had rendered at trial. Rather, we effectively excuse the failure to raise that argument on appeal (or here on an initial § 2255 petition) due simply to counsel's inherent conflict of interest."); Stephens v. Kemp, 846 F.2d 642, 651 (11th Cir. 1988) ("We find 'cause' for petitioner's failure to raise the ineffective assistance issue in his first state habeas petition in the fact that petitioner's trial counsel, whose effectiveness is here challenged, also represented him in the first state habeas proceeding."); Riner v. Owens, 764 F.2d 1253, 1257 (7th Cir. 1985) ("Since it would be most difficult if not professionally awkward to require a lawyer to argue on appeal his own ineffectiveness . . . we conclude that identity of trial and appellate counsel can constitute sufficient cause to meet the first element of the cause and prejudice standard."); Alston v. Garrison, 720 F.2d 812, 816 (4th Cir. 1983) ("We are satisfied with Alston's excuse for failing to raise his ineffectiveness claim at trial and on state appeal. The content of an appeal is heavily controlled by counsel, and where, as here, the defendant's trial lawyer also prosecuted the appeal, it is obvious that ineffective assistance of counsel is not likely to be raised at trial or to appear among the assignments of constitutional error.").

counsel unless conflicted counsel does what no court has thus far expected an attorney to do, which is argue that she was ineffective in assisting her client. Mendoza would be placed in the untenable position of being forced to rely on appointed counsel to identify that counsel's own failings, if any, and to contend in federal court that her failings constituted ineffective assistance of habeas counsel.

In the interests of justice, it is appropriate to appoint additional counsel for Mendoza to determine whether, in new counsel's professional judgment, there are claims that should have been, but were not, raised in the state habeas proceedings. It may well be that Brandt has actually been diligent and selfless in her review of her representation of Mendoza in state habeas proceedings. However, the interests of justice weigh in favor of appointing additional counsel.

In *Martel*, the Supreme Court observed that the interests of justice standard "contemplates a peculiarly context-specific inquiry."[22] The Court noted that, in reviewing a district court's ruling on a motion to substitute counsel, circuit courts generally consider factors that "include: the timeliness of the motion; the adequacy of the district court's inquiry into the defendant's complaint; and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any, for that conflict)."[23] In *Christeson*, the Supreme Court reiterated that we must weigh the presence of a conflict alongside the other *Martel* factors.[24] We are not reviewing a district court's

---

[22] 132 S. Ct. at 1287.

[23] *Id.*

[24] *See Christeson*, 135 S. Ct. at 894 ("The District Court here properly recognized that its consideration of Christeson's motion for substitution was governed by *Clair*'s 'interests of

ruling on a motion for substitution but instead are considering in the first instance a motion to appoint additional counsel. But many of the same considerations are relevant.

Clearly, Mendoza bears no responsibility for the fact that his appointed federal habeas counsel also served as his state habeas counsel. As to the timeliness of Mendoza's motion, the State contends that Mendoza has waived the right to seek conflict-free counsel by failing to raise the issue in the federal district court. I disagree in light of the procedural posture of this case. The federal district court appointed federal habeas counsel for Mendoza in June 2009, almost three years before the Supreme Court decided *Martinez*.[25] At the time Brandt was appointed, the Supreme Court's decision in *Coleman v. Thompson*[26] governed. It held that an attorney's errors or omissions in post-conviction proceedings could not constitute cause to excuse a procedural default in habeas proceedings.[27] Although the Supreme Court's decision in *Coleman* had left open the question of whether ineffective assistance of state habeas counsel in an initial-review proceeding might constitute cause to excuse a procedural default of a claim that trial counsel provided ineffective assistance,[28] until the Supreme Court issued its opinion in *Martinez*, this circuit had consistently held that ineffective assistance of state habeas counsel could not establish such cause.[29]

---

justice' standard. But its denial of his motion did not adequately account for all of the factors we set forth in *Clair*.").

[25] *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

[26] 501 U.S. 722 (1991).

[27] *Id.* at 752-54.

[28] *Id.* at 755.

[29] *See, e.g.*, *Cantu v. Thaler*, 632 F.3d 157, 166 (5th Cir. 2011); *Woodfox v. Cain*, 609 F.3d 774, 793 (5th Cir. 2010); *Haynes v. Quarterman*, 526 F.3d 189, 195 (5th Cir. 2008); *Matchett v. Dretke*, 380 F.3d 844, 849 (5th Cir. 2004).

No. 12-70035

In March 2012, in *Martinez,* the Supreme Court held that ineffective assistance of state habeas counsel in failing to raise an ineffective-assistance-of-trial-counsel claim could establish cause for the procedural default of such a claim in states that required ineffective-assistance-of-trial-counsel claims to be raised in state habeas proceedings rather than on direct appeal.[30]  However, our Circuit held thereafter in *Ibarra v. Thaler*[31] and other cases[32] that *Martinez* did not apply to Texas habeas proceedings.  Had Mendoza filed a motion for additional counsel in federal district court, that court would have been required by then-extant Fifth Circuit precedent to deny the motion.  That was the state of the law in this circuit at the time that the federal district court entered judgment denying Mendoza's request for habeas relief in September 2012 and when the district court granted a certificate of appealability in December 2012.

Mendoza pursued an appeal in this court and filed his initial brief on May 22, 2013.  Six days later, on May 28, 2013, the Supreme Court issued its opinion in *Trevino v. Thaler,*[33] reversing our court and abrogating our decision in *Ibarra.*  The Supreme Court held in *Trevino* that *Martinez* did apply to Texas habeas proceedings.[34]

---

[30] *Martinez,* 132 S. Ct. at 1320 (modifying *Coleman* to permit federal courts to excuse the procedural default of a substantial claim of ineffective assistance of trial counsel when (1) the claim was not properly presented in state court due to the ineffective assistance of state habeas counsel, and (2) under state law, claims of ineffective assistance of trial counsel must be raised in an "initial-review collateral proceeding," rather than on direct appeal).

[31] 687 F.3d 222 (5th Cir. 2012).

[32] *See, e.g., Haynes v. Thaler,* 489 F. App'x 770, 772 (5th Cir. 2012); *Foster v. Thaler,* 481 F. App'x 229, 230 (5th Cir. 2012); *Newbury v. Thaler,* 481 F. App'x 953, 955 (5th Cir. 2012); *Ayestas v. Thaler,* 475 F. App'x 518 (5th Cir. 2012).

[33] 133 S. Ct. 1911 (2013).

[34] *Trevino,* 133 S. Ct. at 1921.

Mendoza filed a motion seeking appointment of conflict-free counsel 65 days after *Trevino* issued. While that motion could certainly have been filed in our court much sooner after *Trevino* issued, it cannot be said that the passage of 65 days resulted in a forfeiture or waiver.[35] Additionally, the Supreme Court's decision in *Trevino* is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review.[36]

The State argues that Mendoza's motion should be denied because he has not identified any aspect of his counsel's performance in the state habeas proceedings that even *might* have been ineffective in pursuing additional ineffective-assistance-of-trial-counsel claims. The State points out that the Supreme Court noted that the rule it adopted in *Martinez* was equitable in nature, not constitutional, and the Court explained that in order "[t]o protect prisoners with a potentially legitimate claim of ineffective assistance of trial counsel, it is necessary to modify the unqualified statement in *Coleman* that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default."[37] In his motion for appointment of additional counsel, Mendoza has not presented a "potentially legitimate claim of ineffective assistance of trial counsel." But this is not the focus of the motion presently before us. We are not deciding at this juncture whether there is cause to excuse default of a potentially legitimate ineffective assistance of trial counsel claim. Mendoza argues only that he is entitled to

---

[35] *Cf. Christeson v. Roper*, 135 S. Ct. 891, 895 (2015) (per curiam) ("Christeson's first substitution motion, while undoubtedly delayed, was not abusive. It was filed approximately a month after outside counsel became aware of Christeson's plight and well before the State had set an execution date, and it requested only 90 days to investigate and file a Rule 60(b) motion.").

[36] *Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 97 (1993)

[37] *Martinez v. Ryan*, 132 S. Ct.1315, 1319-20 (2012).

conflict-free counsel to determine whether there *is* such a potentially legitimate claim.

The State's position ignores the fact that Mendoza is represented by Brandt, and only Brandt, in the federal habeas proceedings at this juncture. To accept the State's argument would require Mendoza either to go forward with counsel who has a conflict of interest or, acting pro se, to determine if there were other ineffective-assistance-of-trial-counsel claims that Brandt should have raised in the state habeas proceedings.[38]  Mendoza is statutorily entitled to conflict-free counsel at this stage in his habeas proceedings.[39]

This approach also comports with *Christeson*.  In that case, the Supreme Court did not examine the merits of the petitioner's potential equitable-tolling claim.  Rather, it determined that "grounds for substitution" exist when a petitioner's attorneys must raise arguments that are "directly and concededly contrary to their client's interest" in service of protecting "their own professional and reputational interests."[40]

The Supreme Court also instructed that procedural obstacles faced by a habeas petitioner must not preclude the appointment of substitute counsel unless it is "plain that any subsequent motion that substitute counsel might file on [petitioner's] behalf would be futile."[41]  The State has not shown that any motion substitute counsel might file on Mendoza's behalf would be futile.

---

[38] *See generally Juniper v. Davis*, 737 F.3d 288 (4th Cir. 2013); *Gray v. Pearson*, 526 F. App'x 331 (4th Cir. 2013).

[39] *Id.*; *see also* 18 U.S.C. § 3599(a).

[40] *Christeson*, 135 S. Ct. at 895.

[41] *Id.*

No. 12-70035

## III

This court's resolution of Mendoza's motion is supported by decisions of the Fourth Circuit. The first was an unpublished opinion in *Gray v. Pearson*,[42] in which state habeas counsel for Gray had also been appointed as his federal habeas counsel.[43] After the Supreme Court's decision in *Martinez* issued, Gray sought appointment of additional counsel to investigate possible ineffective-assistance-of-trial-counsel claims that had been missed due to habeas counsel's own ineffective assistance in the state habeas proceedings, and which had not been initially raised in the federal habeas petition because federal habeas counsel was the same as state habeas counsel.[44] The Fourth Circuit concluded that "a clear conflict of interest exists in requiring Gray's counsel to identify and investigate potential errors that they themselves may have made in failing to uncover [the] ineffectiveness of trial counsel."[45] Because the petitioner's counsel were unable to identify, investigate, and present fully potential *Martinez* claims, the court vacated the judgment of the district court and remanded for further proceedings.[46]

Subsequently, in *Juniper v. Davis*,[47] a published opinion, the Fourth Circuit accepted and applied the reasoning from *Gray*. In *Juniper*, the court concluded that "it [is] ethically untenable to require counsel to assert claims of his or her own ineffectiveness in the state habeas proceedings in order to

---

[42] 526 F. App'x 331 (4th Cir. 2013).

[43] *Id.* at 332.

[44] *Id.* at 332, 334.

[45] *Id.* at 334.

[46] *Id.* at 335.

[47] 737 F.3d 288 (4th Cir. 2013).

adequately present defaulted ineffective-assistance-of-trial-counsel claims under *Martinez* in the federal habeas proceedings."[48] The court continued:

> To be clear, if a federal habeas petitioner is represented by the same counsel as in state habeas proceedings, and the petitioner requests independent counsel in order to investigate and pursue claims under *Martinez* . . . qualified and independent counsel is *ethically required.* A district court must grant the motion for appointment of counsel without regard to whether the underlying motion identifies a 'substantial' ineffective assistance claim under *Martinez.*[49]

The Fourth Circuit's reasoning is persuasive when, as here, a state defendant's sole federal habeas counsel is the same as his state habeas counsel.[50]

## IV

Pursuant to 28 U.S.C. § 2106, this court is authorized to "require such further proceedings to be had as may be just under the circumstances."[51] We are staying the present appeal and remanding to allow the district court to appoint additional counsel for Mendoza. This court is not deciding any other issues at this time, including whether any new matters that additional counsel might identify are barred by any provisions of AEDPA. Additionally, the court

---

[48] *Id.* at 290.

[49] *Id.*

[50] *But see Fowler v. Joyner*, 753 F.3d 446, 450 (4th Cir. 2014) (denying a motion, filed while appeal was pending, for appointment of additional counsel and remand to the district court "[b]ecause Fowler had the benefit of the qualified, independent counsel called for in *Juniper* and he failed to raise any *Martinez*-based claims below.").

[51] 28 U.S.C. § 2106, which provides:

> The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

No. 12-70035

is not determining at this juncture whether Brandt should continue as co-counsel in the federal habeas proceedings.