NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0320n.06

No. 19-1238

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 25, 2019
DEBORAH S. HUNT, Clerk

EARL ALLEN NORTHROP, JR.,                     )
                                              )
        Petitioner-Appellant,                 )       ON APPEAL FROM THE UNITED
                                              )       STATES DISTRICT COURT FOR
v.                                            )       THE    EASTERN   DISTRICT  OF
                                              )       MICHIGAN
CONNIE HORTON, Warden,                        )
                                              )
        Respondent-Appellee.                  )
                                              )               ORDER
                                              )

Earl Allen Northrop, Jr., a Michigan prisoner proceeding through counsel, appeals a district court judgment denying his petition for a writ of habeas corpus filed under 28 US.C. § 2254. Northrop requests a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

A jury found Northrop guilty of kidnapping, second-degree child abuse, three counts of first-degree criminal sexual conduct, and three counts of second-degree criminal sexual conduct. The principal evidence against him was the testimony of the complainant, his 15-year-old daughter; no injuries were found during a physical examination and the minimal amount of DNA recovered from her thigh matched one out of two white males (including the defendant). Northrop was sentenced as a fourth-offense habitual offender to serve thirty to fifty years of imprisonment for the kidnapping conviction, four to fifteen years for the child abuse conviction, forty to sixty years for each first-degree criminal sexual conduct conviction, and nineteen to thirty-five years for each second-degree criminal sexual conduct conviction, to run concurrently. The Michigan Court of Appeals affirmed Northrop's convictions and sentences. *People v. Northrop*, No. 315972, 2014 WL 1921289 (Mich. Ct. App. May 13, 2014). The Michigan Supreme Court denied leave to appeal. *People v. Northrop*, 857 N.W.2d 37 (Mich. 2014).

On direct appeal, Northrop argued only that this conviction was legally insufficient and against the weight of the evidence; he did not present the claims asserted in his habeas corpus petition. *See Northrop*, 2014 WL 1921289. Northrop did present these claims on post-conviction review, but the state trial court rejected them on procedural grounds under Michigan Court Rule 6.508(D)(3), finding that he could have raised them on direct appeal and failed to show either "good cause" for failing to do so or "actual prejudice." The Michigan Court of Appeals denied leave to appeal the state trial court's denial of post-conviction relief, and the Michigan Supreme Court denied leave to appeal for failure "to meet the burden of establishing entitlement to relief under [Michigan Court Rule] 6.508(D)." *People v. Northrop*, 888 N.W.2d 107 (Mich. 2017).

After unsuccessfully pursuing state post-conviction relief, Northrop filed, through counsel, a habeas corpus petition, asserting the following grounds for relief: (1) he was denied effective assistance of trial counsel because counsel "failed to investigate, failed to present an essential expert witness, failed to present evidence of prior false allegations, and failed to seek school records"; (2) the trial court erroneously admitted "his involuntary statement as impeachment evidence," and trial counsel was ineffective for failing "to move to suppress his statement or to object to its admission during trial"; (3) the trial court erroneously admitted "evidence of [his] attempted flight"; and (4) "the cumulative effect of the errors by [his] attorney denied [him] a fair trial and significantly undermined the confidence in the reliability of the verdict." The district court denied Northrop's habeas corpus petition and denied a certificate of appealability, concluding that Northrop's claims were procedurally defaulted.

A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). When a habeas corpus petition is denied on procedural grounds, as it was here, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

To determine whether a brief, unexplained order citing Rule 6.508(D) is based on a procedural default or a merits ruling, this court reviews "the last reasoned state court opinion to determine the basis for the state court's rejection of [Northrop's] claim." *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010) (en banc). Under this procedure, federal habeas courts presume that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Id.* at 291-92 (alteration in original) (quoting *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)).

In this case, the last reasoned state court decision was entered by the trial court, which denied relief on procedural grounds—Northrop's inability to show "good cause" for failing to raise his claims on direct appeal and "actual prejudice." Although the bulk of the trial court's five-page opinion addresses the merits of Northrop's claims, its conclusion nonetheless relied on Michigan Court Rule 6.508(D)(3). Michigan Court Rule 6.508(D)(3) bars post-conviction relief for claims that "could have been raised on appeal from the conviction and sentence." It is "an independent and adequate state ground sufficient for procedural default." *Amos v. Renico*, 683 F.3d 720, 733 (6th Cir. 2012). The district court therefore correctly concluded that the last-reasoned state court decision relied upon and enforced a procedural bar. *See Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) ("[W]hen a state court relies on an independent procedural ground to deny relief, a discussion of the merits will not supersede the procedural bar to habeas relief."); *see also Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) (noting that application of a state procedural bar bars federal habeas review even if the state court reaches the merits in an alternative holding).

Nonetheless, jurists of reason could debate whether cause exists to excuse this procedural default because Northrop's trial counsel also represented him on direct appeal. This court "has never squarely determined whether having the same counsel at trial and on appeal constitutes cause excusing procedural default of an ineffectiveness claim." *Duyst v. Rapelje*, 483 F. App'x 36, 44-

45 n.3 (6th Cir. 2012).[1] Other circuits, however, have concluded that being represented by the same attorney at trial and on appeal constitutes cause because there is an inherent "conflict between [Northrop's] interest in presenting and prevailing in his ineffective assistance claim and [his attorney's] interest in protecting himself from the damage such an outcome would do to his professional reputation and from exposure to potential malpractice liability or bar discipline." *Manning v. Foster*, 224 F.3d 1129, 1134 (9th Cir. 2000); *see also, e.g.*, *Maples v. Thomas*, 565 U.S. 266, 285 n. 8 (2012) (noting that "a significant conflict of interest arose for the firm" when "the firm's interest in avoiding damage to its own reputation was at odds with Maples' strongest argument—*i.e.,* that his attorneys had abandoned him"); *Sasser v. Hobbs*, 735 F.3d 833, 852 (8th Cir. 2013) ("Although new appellate counsel is not, by itself, sufficient to guarantee capital defendants a meaningful opportunity to challenge their trial counsel's effectiveness on direct appeal, it is a necessary part of such a guarantee. Otherwise, appointed trial counsel must question his own effectiveness . . . ."); *Gray v. Pearson*, 526 F. App'x 331, 334 (4th Cir. 2013) ("We find that a clear conflict of interest exists in requiring Gray's counsel to identify and investigate potential errors that they themselves may have made in failing to uncover ineffectiveness of trial counsel while they represented Gray in his state post-conviction proceedings."). A finding that Northrop's appellate attorney had an actual conflict of interest that adversely affected his performance by causing him to not raise the issue of ineffective assistance of trial counsel would provide both cause and prejudice to excuse the procedural default. *See Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980); *Gunner v. Welch*, 749 F.3d 511, 516 (6th Cir. 2014).[2]

---

[1] We have, however, previously determined that under Ohio (not federal) law, no procedural bar applies in such a situation. Although Ohio, like Michigan, bars state courts from considering claims on postconviction review that could have been raised on direct appeal, in *Hicks v. Collins* we applied Ohio's own res judicata rule to conclude that "if the defendant was represented by the same counsel at trial and on direct appeal, claims of ineffective assistance of *trial* counsel are not defaulted" just because they were not raised on direct appeal. 384 F.3d 204, 211 (6th Cir. 2004).

[2] If Northrop's appellate counsel was constitutionally ineffective, this would also constitute cause and prejudice under Rule 6.508(D)(3). *People v. Reed*, 535 N.W.2d 496, 499 (Mich. 1995). Thus, for the reasons discussed above, jurists of reason could find debatable whether Northrop's claim was in fact not procedurally defaulted because the state trial court's decision "improperly invoked" Rule 6.508(D)(3)'s procedural bar. *See Richey v. Bradshaw*, 498 F.3d 344, 359 (6th Cir. 2007).

Reasonable jurists could therefore debate the district court's conclusion that Northrop's claims of ineffective assistance of trial counsel are procedurally defaulted and that no cause to excuse this default exists. *See Slack*, 529 U.S. at 484. But to obtain a certificate of appealability, Northrop must also demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484. He cannot.

Northrop claimed that trial counsel was ineffective for failing to investigate his case, present an expert witness and evidence of the victim's prior false allegations, obtain the victim's school records, and file a motion to suppress his statement and challenge its admission at trial. He also claimed that evidence of his attempt to flee was erroneously admitted.

The Michigan trial court briefly addressed the merits of most of these claims on post-conviction review. The state trial court found that an expert witness was not necessary because "the DNA evidence did not play a significant role in this case because the results were vague and inconclusive," that trial counsel emphasized the inconclusive DNA evidence during closing argument, and that trial counsel's emphasis on the lack of conclusive DNA evidence was strategic. The state trial court found that the victim's school records were not necessary because Northrop and the victim testified "regarding an alleged incident at the victim's school" and that "anything found in the school records regarding a collateral matter would have been inadmissible." The state trial court found that trial counsel was not ineffective for failing to challenge Northrop's statement because, even if he was intoxicated, he "was given his *Miranda* rights, interviewed at home, and did not allege any of the factors that would tend to show that his statement was involuntary." The state trial court found no error in the admission, over trial counsel's objection, of flight evidence. The state trial court did not address the sworn affidavits provided by three of Northrop's family members, alleging that the complainant had made false prior accusations of sexual abuse and that they would have been prepared to testify to this at trial had trial counsel contacted them. But, in the light of the strength of the evidence in this case and AEDPA's deferential standard of review,

---

Similarly, jurists of reason could also find debatable whether Rule 6.508(D)(3) is an "adequate" procedural ground to bar federal habeas review in this case because Northrop was represented by the same attorney at trial and on appeal. *See, e.g.*, *Cannon v. Mullin*, 383 F.3d 1152, 1172–73 (10th Cir. 2004), *abrogated on other grounds by Cullen v. Pinholster*, 563 U.S. 170 (2011).

jurists of reason could not debate whether the claim that Northrop's counsel was ineffective is "arguably valid or meritorious." *Dufresne v. Palmer*, 876 F.3d 248, 254 (6th Cir. 2017).

Because jurists of reason would not "find it debatable whether the petition states a valid claim of the denial of a constitutional right," *Slack*, 529 U.S. at 484, Northrop's application for a certificate of appealability is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk