UNITED STATES of America, Plaintiff-Appellee,

v.

Martin Gonzalez CURBELO, Defendant-Appellant.

No. 27282.

United States Court of Appeals, Fifth Circuit.

April 8, 1970.

Donald F. Frost, Miami, Fla., for appellant.

William A. Meadows, Jr., U. S. Atty., William A. Daniel, Jr., Asst. U. S. Atty.,

Neal R. Sonnett, Miami, Fla., for appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

Curbelo, appealing from conviction of violating 26 U.S.C.A. § 174 under a single count charging sale of heroin, raises the constitutionality of the § 174 presumption of knowledge. This issue has been determined by Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970).

The material sold by appellant was represented by him to be heroin. An agent ran a Marquis Reagant test on a sample and reported to the buying agent that the results were positive, and the buyer then paid the appellant. Appellant contends that his motion for judgment of acquittal, made at the conclusion of the government's case and renewed at the conclusion of all the evidence, should have been granted because the evidence did not reveal the presence of sufficient heroin in the material sold by Curbelo.

But the material was sent to a government chemist who gave it microscopic, chemical and physical examination and found it contained heroin hydrochloride, quinine and corn starch. On cross examination the chemist acknowledged that no quantitative tests were performed, only qualitative analyses, and he was not able to say what percentage of the material was heroin and he admitted that it might be just a trace or a scintilla. The chemist described the detailed testing procedures which were employed, and which did reveal the presence of heroin. The prosecution need not prove the performance of a quantitative test, so long as there is sufficient evidence to allow the jury to find beyond a reasonable doubt that the substance did in fact contain heroin. United States v. Haynes, 398 F.2d 980 (2d Cir. 1958). There was such evidence in this case.

Affirmed.