**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Fernando MACIAS, Defendant-Appellant.
No. 29668.**

United States Court of Appeals,
Fifth Circuit.
Jan. 4, 1971.

Sam Sparks, El Paso, Tex. (Court-appointed) for defendant-appellant.

Haskell Shelton, Asst. U. S. Atty., El Paso, Tex., Romualdo Cesar Caballero, Atty., Tax. Div., Alexandria, Va., Seagal V. Wheatley, U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before RIVES, AINSWORTH and MORGAN, Circuit Judges.

PER CURIAM:

This appeal is from a judgment of conviction on each count of an eight-count indictment, four of the counts charging the defendant Macias with separate sales of heroin in violation of 26 U.S.C. § 4705, and the other four counts charging him with separate offenses in violation of 21 U.S.C. § 174 with respect to the same heroin, and from concurrent sentences of imprisonment for terms of fifteen (15) years on each of said eight counts.

We find no error in the prosecuting attorney's reference in argument nor to the district court's instruction to the jury as to the following provision of 21 U.S.C. § 174:

"Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defend-ant explains the possession to the satisfaction of the jury." [1]

The only other claimed error on appeal is that the defendant Macias was denied effective representation of counsel at his trial. In the exercise of this Court's broad discretion to "require such further proceedings to be had as may be just under the circumstances," [2] we remand the case with directions that the district court conduct a hearing at which the defendant Macias shall be present and shall be represented by his attorney, Sam Sparks, Esq., and of which hearing the defendant's former counsel shall have appropriate notice and an opportunity to attend and testify, and at which hearing all such relevant evidence on the issue of whether the defendant Macias was denied effective representation of counsel at his trial as may be offered either by the defendant Macias or by the United States shall be received. After the conclusion of such hearing, the district court shall make and enter appropriate findings of fact and conclusions of law. If the district court finds that the defendant Macias was denied effective representation of counsel, it shall vacate and set aside the judgment of conviction and grant the defendant a new trial. Otherwise, the district court shall enter a judgment denying the defendant a new trial. The judgment of conviction shall remain in full force and effect unless the district court vacates and sets aside said judgment and grants the defendant a new trial, or in the event the district court shall deny the defendant a new trial unless and until otherwise ordered in further proceedings upon a subsequent appeal.

Remanded with directions.

1. The validity of that provision as applied to heroin has been sustained. Turner v. United States, 1970, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610; United States v. Curbelo, 5 Cir. 1970, 423 F.2d 1204; Jimenez v. United States, 5 Cir. 1970, 421 F.2d 1401.

2. 28 U.S.C. § 2106.