**Fernando MACIAS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 72-2075**

**Summary Calendar.**\*

United States Court of Appeals, Fifth Circuit.

Aug. 17, 1972.

Fernando Macias, pro se.

William S. Sessions, U. S. Atty., San Antonio, Tex., Ralph E. Harris, Asst. U. S. Atty., El Paso, Tex., for respondent-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

The District Court denied the motion of Fernando Macias to vacate his sentence [1] and commit him according to the provisions of Title II of the Narcotic Addict Rehabilitation Act of 1966,[2] and he appeals. We affirm the ruling below.

Macias was convicted on trial by jury of eight counts alleging four sales of heroin in violation of 26 U.S.C., § 4705, and four violations of 21 U.S.C., § 174 with respect to the same heroin. He was sentenced on March 6, 1969 to serve eight concurrent fifteen year prison terms. The judgment was affirmed on direct appeal, United States v. Macias, 5 Cir., 1970, 435 F.2d 1294; and United States v. Macias, 5 Cir., 1971, 446 F.2d

---

\* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. Filed pursuant to 28 U.S.C., § 2255.

2. 18 U.S.C., §§ 4251–4255.

54, cert. denied, 404 U.S. 978, 92 S.Ct. 345, 30 L.Ed.2d 294 (1971).

Appellant contends that he is entitled to be committed under Title II of the Act on grounds that his two prior felony convictions were motivated by his need to support his narcotic addiction. At the time of sentencing, the appellant admitted that he had two prior felony convictions, for burglary and for forgery and uttering of United States checks. On the basis of this, the trial judge stated to Macias that he was not eligible for commitment under Title II, Section 4251 of Title 18 United States Code, which provides in part that one who has been convicted of a felony on two or more prior occasions is not eligible for such commitment in lieu of sentencing.[3]

The appellant places his principal reliance on an en banc decision of the District of Columbia Circuit Court of Appeals, Watson v. United States, 1970, 141 U.S.App.D.C. 335, 439 F.2d 442. The court held therein, that two prior felony convictions for narcotics offenses which had been committed to support the defendant's drug habit, would not disqualify him from eligibility under Title II. Watson's conviction was affirmed, but his sentence was vacated and the case remanded for resentencing, with directions to consider disposition of Watson under Title II.

With all due deference to the decision of the District of Columbia Court in the Watson case, we do not believe that its holding should be extended to grant relief to appellant Macias.[4] Section 4251 unequivocally exempts from preferential treatment under Title II, any offender who has two or more prior felony convictions. In our opinion this definitely includes non-narcotic prior offenses,

even if they were the result of the defendant's drug habit.

We agree with the § 2255 judge that the sentencing judge was correct in foreclosing consideration of Macias for treatment under Title II, because of his two prior felony convictions.

The order appealed from is due to be and it is hereby

Affirmed.

---

3. The statute also provides that one convicted of sale of narcotics shall be ineligible, "unless the court determines that such sale was for the primary purpose of enabling the offender to obtain a narcotic drug which he requires for his personal use because of his addiction to such drug". The sentencing court obviously made no determination under this provision, because of the appellant's disqualification on account of his two prior felony convictions.

4. Nor do we now decide whether on similar facts we would rule in accordance with Watson v. United States, *supra*.