**UNITED STATES of America,
Appellee,**

v.

**Edward H. INGRAM, Appellant.**

**No. 72–1170.**

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 25, 1972.

Decided April 10, 1973.

---

Lewis A. Wenzell, San Diego, Cal., for appellant.

James R. Thompson, U. S. Atty., William T. Huyck, Robert A. Filpi, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before KILEY, KILKENNY * and STEVENS, Circuit Judges.

KILKENNY, Circuit Judge:

This appeal presents an unusual background. Appellant was convicted on two counts of violating 26 U.S.C. § 4705(a) [sale of narcotics] and on two counts of violating 21 U.S.C. § 174 [dealing in narcotics]. The indictment was returned in April, 1968. In May of the same year, appellant waived a trial by jury and on May 29th, he was convicted on all four counts. Initially, the court attempted to sentence appellant under Title II of the Narcotic Addict Rehabilitation Act of 1966 for a determination of whether he was an addict and likely to be rehabilitated through treatment. On June 10th, the commitment was returned unexecuted for the reason that appellant had sustained two prior felony convictions and was, consequently, ineligible for treatment under the Act. The following June 14th, he was sentenced to imprisonment for ten years on each count, the sentences to run concurrently. Although appellant's notice of appeal was timely, his motion to proceed in forma pauperis was denied in the district court. Later, he filed the same type of motion in this court. Shortly thereafter, the appeal was dismissed. Appellant then filed a 28 U.S.C. § 2255 petition requesting that the sentence be vacated on several grounds, including the claim that he was denied due process by reason of the court's failure to permit him to proceed in forma pauperis. From a denial of this motion, appellant prosecuted another appeal to this court, as a result of which the original sentences were vacated and the cause remanded to the district court for resentencing, so that the appellant might prosecute a direct appeal. Prior to resentencing, appellant filed several motions, including a motion for a new trial, a motion for a presentence report and probation and a motion for specifications of his prior convictions. The motions were denied and he was again sentenced to serve a period of ten years on each count, the sentences to run concurrently. From the judgment and resulting sentences, he prosecutes this appeal.

* The Honorable John F. Kilkenny, Senior Circuit Judge for the Ninth Circuit, sitting by designation.

## FACTS

On August 23, 1966, three Federal Narcotic Agents met an informant in a parking lot in Chicago. After the informant was searched and found not to possess money or narcotics, he and one of the agents drove to an intersection in the city where they parked and walked to the entrance of a building. The other two agents, followed in another automobile, parked across the street, where they watched the other agent and the informer enter the vestibule of the building and ring a buzzer. The agent and informer then stepped outside the building. A short time later, appellant leaned out of a third story window and stated that he would be down shortly. Within a few minutes, appellant arrived in the vestibule and was introduced to the agent by the informant. The agent said he wanted a spoon of heroin and he and appellant agreed on a price of $140.-00. The appellant then told the informant and the agent to wait and that he would return with the "stuff" in a pouch in about 45 minutes. He reappeared at about the appointed time under elevated tracks at the east end of the building and called to the agent and the informant. He told the agent to put the money under a rock and pointed to an aluminum foil package on a girder. The agent picked up the package and appellant picked up the money and started walking north through the alley under the tracks. The agent then asked for some more "stuff" and appellant told him to return Friday morning. The three narcotics agents and the informant then drove to the Federal Building where a preliminary test was performed on the contents of the aluminum foil package. The tests indicated the presence of an opium derivative and a subsequent chemical analysis revealed the presence of heroin in the powder.

On the following Friday morning, the agent returned to the address and rang the same buzzer. Appellant leaned out the window and told the agent to go around to the back and said he would be "down shortly." About 15 minutes later, the agent met appellant at the rear of the building and handed him $140.00 and in return received from appellant a small aluminum foil package containing a white powder. The other two agents had observed the other agent enter the building and saw appellant lean out the window. When the agent walked toward the rear of the apartment, one of the other agents got out of the automobile and stood near the supports of the elevated tracks from which position he observed the meeting between appellant and the other agent. The observing agents continued their surveillance of the building for about an hour and then met the contact agent where the powder was field tested. Later, an analysis of the powder revealed the presence of heroin-hydrochloride. The appellant denied the first meeting and said that he spent the entire day at his sister's home with her, his brother-in-law and a group of neighbors. None of the latter were called to testify. He admitted the meeting on the following Friday, but claims that he was framed by the informer. He says that the informer visited him early in the morning and persuaded him to sell "Dormin" to a narcotic addict. Appellant claims that he and the informer bought the Dormin at a nearby drugstore. The testimony of the agents and of the appellant was in direct conflict. Obviously, the trial judge believed the testimony of the agents.

## ISSUES

Appellant presents for review the following issues:

(1) Adequacy of counsel.

(2) Appellant's eligibility for probation.

(3) Constitutionality of the Narcotic Addicts Rehabilitation Act of 1966.

(4) Failure to file an information under 26 U.S.C. § 7237(c)(2).

## ADEQUACY OF COUNSEL

Appellant claims that his trial attorney was so incompetent that the trial was nothing more than a farce or a

mockery of justice and consequently he was denied due process. He points to five areas in which he claims his counsel's failures violated his Sixth Amendment rights.

(1) First he claims that his attorney should have moved to dismiss the indictment on the ground that it was not returned within a reasonable time after the government was aware of the commission of the alleged crimes. We find nothing in the record which would affirmatively show that appellant was in any way prejudiced by the delay. The fact that the delay *might* have been responsible for the failure to locate the informer does not establish the showing of prejudice which is required by United States v. Deloney, 389 F.2d 324 (CA7 1968), cert. denied 391 U.S. 904, 88 S.Ct. 1652, 20 L.Ed.2d 417. Also in point is United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1972).

(2) Next appellant complains of the failure of his attorney to learn the identity of the informer. There is no showing whatsoever that the testimony of the informer would have in any way assisted the appellant. Moreover, the record indicates that the prosecution attempted to find the informer, but was unsuccessful.

(3) Next appellant argues that his counsel's failure to seek discovery of appellant's incriminating statements rendered the convictions constitutionally infirm. He does not argue that the statements should have been suppressed, but suggests that his attorneys should have sought the statements that appellant might be better informed. There is nothing in the record to indicate that he even informed his attorney of the existence of such statements, or that he was in any way prejudiced by the failure of his counsel to ask for their production. For that matter, it would seem that the statements were made only a short time before the trial. Appellant should have remembered the substance of what he told the officers.

The record is clear that appellant was fully advised of his *Miranda* rights. His failure to sign the written form is not controlling where he is otherwise advised. United States v. Crisp, 435 F.2d 354 (CA7 1970), cert. denied 402 U.S. 947, 91 S.Ct. 1640, 29 L.Ed.2d 116 (1971). While it might have been better practice to object to the admission of the statements, we recognize that the failure to object could have been a tactical choice on the part of the attorney. He might have noticed something in the statement which was beneficial to his client. His failure to object, on this record, does not rise to an error of constitutional stature.

(4) Here, appellant argues that his attorney should have more thoroughly investigated the physical characteristics of the area where the transactions took place. He says that his attorney should have secured witnesses to confirm his description of the buildings and area and that such evidence would have weakened the testimony of the agents. Although one of the agent's testimony may have been somewhat ambiguous and in conflict with the appellant's, the record shows that appellant's counsel thoroughly cross-examined the agent on what appeared to be the ambiguity. In these circumstances, the value of the testimony of additional witnesses confirming appellant's viewpoint would be of little, if any, value.

(5) Finally, appellant challenges his counsel's overall professional competence by pointing to the fact that he was not familiar with the provisions of the Narcotic Addict Rehabilitation Act of 1966 and was of the belief that appellant was eligible for treatment under the Act. It is enough to say that the mistake was not prejudicial and, for that matter, was in favor of appellant. We doubt we should chide appellant's counsel when the United States Attorney and the trial judge made precisely the same mistake.

We find nothing in the record which would indicate that counsel's over-

all representation was such as to render the trial a sham or a mockery within the meaning of Wilson v. Phend, 417 F.2d 1197 (CA7 1969) and Sims v. Lane, 411 F.2d 661 (CA7 1969), cert. denied 396 U.S. 943, 90 S.Ct. 378, 24 L.Ed.2d 244.

## PROBATION

■ Appellant claims that he was entitled to probation by reason of the repeal of 26 U.S.C. § 7237(d) (1964 ed. and Supp. V) by the enactment of the Drug Abuse Prevention and Control Act of 1970, 84 Stat. 1236, 21 U.S.C. § 801 et seq., the effective date of the latter being May 1, 1971. The recent case of Bradley v. United States, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973), resolves the issue against appellant. The district court had no authority to grant probation.

## NARCOTIC ADDICT REHABILITATION ACT OF 1966

Citing Watson v. United States, 141 U.S.App.D.C. 335, 439 F.2d 442 (1970), appellant argues that the provision of the Act barring medical treatment to those with two previous convictions is unconstitutional.

■ The distinction between *Watson* and the case before us is apparent. The *Watson* decision should be limited to the *possession* of heroin. Here, appellant was convicted of the *sale* of heroin. Beyond that, 18 U.S.C. § 4251(f)(2) specifically excludes from eligibility under the Act, those who are convicted of *selling* narcotics.

*Watson* has been properly limited to its own facts in the well reasoned decisions of Macias v. United States, 464 F.2d 1292 (CA5 1972) and United States v. Turner, 337 F.Supp. 1045, 1048–1049 (D.D.C.1972), and considerably eroded, if not ignored, in United States v. Fitzgerald, 466 F.2d 377 (D.C.Cir.1972); United States v. Fersner & McElveen, 465 F.2d 605 (D.C.Cir.1972), and United

States v. Leazer, 148 U.S.App.D.C. 356, 460 F.2d 864 (1972). The Second Circuit supports this view. Smith v. Follett, 445 F.2d 955 (CA2 1972). Applied to our facts the Act is constitutional.

## FAILURE TO FILE INFORMATION

■ The United States Attorney concedes that he failed to file an information setting forth the prior convictions as required by 26 U.S.C. § 7237(c)(2). He would excuse his neglect by pointing to the fact that appellant admitted his convictions during the course of the trial and that the convictions were set forth in an FBI report, which was before the judge prior to sentencing. He supplements this argument by saying that a certified copy of the narcotics conviction has been filed in the record before us on appeal. As we read the statute, its provisions are mandatory. Neither the admission in trial by appellant of his prior convictions, nor the mention of the convictions in the FBI record, nor the certified copy of the prior Federal Narcotics Conviction filed on appeal, can act as a substitute for the specific requirements of the statute. It has been said that the admission by a defendant in a trial of a prior conviction is the functional equivalent of a plea of guilty to a separate charge and, therefore, it should not be accepted unless the accused understands the consequences of the admission. Wright v. Craven, 461 F.2d 1109 (CA9 1972); Cancino v. Craven, 467 F.2d 1243 (CA9 1972).

Procedural integrity requires us to remand to the district court with instructions to set aside the sentences, grant the United States Attorney an opportunity to file an information pursuant to the statute and then give appellant an opportunity in open court to affirm or deny that he is identical with the person mentioned in the previous convictions; if any. The lower court may then resentence.

Otherwise, the judgment is affirmed.