# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 14-70027

————

United States Court of Appeals
Fifth Circuit

**FILED**
September 8, 2014

Lyle W. Cayce
Clerk

WILLIE TYRONE TROTTIE,

Petitioner–Appellant

v.

WILLIAM STEPHENS, Director,
Texas Department of Criminal Justice, Correctional Institutions Division,

Respondent–Appellee

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-00435

————

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:*

Willie Tyrone Trottie was convicted of capital murder for the deaths of Titus and Barbara Canada in 1993 and sentenced to death. Trottie is scheduled to be executed September 10, 2014. On August 18, 2014, Trottie filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure in the district court for relief from the district court's judgment that had denied his petition for federal habeas relief. The district court denied Trottie's motion on

---

* Pursuant to Fifth Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Cir. R. 47.5.4.

No. 14-70027

September 2, 2014. *Trottie v. Stephens*, No. 4:09-cv-00435, 2014 WL 4354445, (S.D. Tex. Sept. 2, 2014). Trottie now requests a COA on the district court's denial of the 60(b) motion. For the following reasons, Trottie's application for a COA is denied.

## I.

A detailed factual background of this case is set out in the district court's order denying Trottie's Rule 60(b) motion, *Trottie*, 2014 WL 4354445, and this court's previous opinion that denied Trottie's previous application for a COA. *Trottie v. Stephens*, 720 F.3d 231 (5th Cir. 2013). A brief overview is provided here.

Trottie and Barbara began dating in 1989 and soon thereafter began living together and had a child. In September 1992, Trottie and Barbara separated and she moved in with her family. After some time, the relationship soured and Barbara moved out. Trottie threatened that he would kill her if she did not return to him. He repeated the threat regularly, called Barbara constantly at home and at work, hit Barbara, bumped her car with his own while traveling at highway speed, and once kidnapped Barbara. In March 1993, Barbara obtained a protective order against Trottie. In April 1993, Trottie told Barbara that he would kill her if she did not return to him by May 1, 1993. On May 3, 1993, Trottie called Barbara and repeated his threat to kill her and her brother Titus, because, Trottie claimed, Titus had gotten in the way of their reunion.

Trottie arrived at Titus's house at approximately 11:00 p.m. on May 3, 1993, armed with a semi-automatic 9mm pistol. At the time, there were numerous family members in the house, including five children under the age of seven. Trottie opened fire immediately, wounding Barbara's mother, sister, and Titus. Titus returned fire, wounding Trottie. Trottie then cornered Barbara and shot her eleven times, saying "B--ch, I told you I was going to kill

No. 14-70027

you." Trottie then returned to where Titus lay wounded and shot him twice in the back of the head.

The state charged Trottie with the capital murders of Barbara and Titus Canada.  During the penalty phase the state provided evidence of multiple prior criminal charges, probation violation, past violence toward Barbara and evidence that the killing was "both premeditated and extreme."  Trottie presented testimony from his mother and sister about his childhood, during which he experienced abandonment and neglect, eventually being placed in foster care.  Trottie also presented favorable testimony about his work history, efforts through volunteer programs, good disciplinary record while incarcerated, positive testimony from his probation officer and expert testimony regarding his abandonment and mental health issues.

Following the jury trial, the trial court sentenced Trottie to death.  The Texas Court of Criminal Appeals affirmed Trottie's conviction and sentence. *Trottie v. State*, No. 71,793 (Tex. Crim. App. Sept. 20, 1995).  Trottie filed a state application for a writ of habeas corpus which was denied on February 11, 2009.  *Ex parte Trottie*, No. 70,302-01 (Tex. Crim. App. Feb. 11, 2009).  Trottie filed a federal petition for a writ of habeas corpus on February 13, 2009, and amended petitions on September 14, 2009, and March 10, 2010.  The state responded and moved for summary judgment on December 20, 2010.  Trottie responded and cross-moved for summary judgment on August 17, 2011.  The district court granted the state's motion for summary judgment on September 30, 2011.  This court subsequently denied Trottie's application for a COA, *Trottie v. Stephens*, 720 F.3d 231 (5th Cir. 2013), and the Supreme Court denied Trottie's petition for a writ of *certiorari. Trottie v. Stephens*, 134 S. Ct. 1540 (2014).

On August 18, 2014, Trottie moved pursuant to Rule 60(b) for relief from the district court's judgment, which the district court denied in an order dated

No. 14-70027

September 2, 2014. *Trottie*, 2014 WL 4354445. Trottie now seeks a COA from this court.

## II.

This court reviews the denial of a Rule 60(b) motion under an abuse of discretion standard. *Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2010). A COA is improper where reasonable jurists could not disagree that the district court did not abuse its discretion. *Id.* "It is not enough that the granting of relief might have been permissible, or even warranted . . . [the] denial must have been so unwarranted as to constitute an abuse of discretion." *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir.), *cert. denied*, 134 S. Ct. 48 (2013). A movant is required "to show 'extraordinary circumstances' justifying the reopening of a final judgment.'" *Id.* (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). "Such circumstances will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535.

The district court denied Trottie's 60(b) motion as untimely. The district court further determined that even if it were timely, Trottie's motion merely attacked the substance of the district court's resolution of his habeas petition on the merits. Moreover, Trottie had failed to show extraordinary circumstances that would entitle him to Rule 60(b) relief.

As the district court noted, a Rule 60(b)(6) motion must "be made within a reasonable time." *See Tamayo v. Stephens*, 740 F.3d 986, 991 (5th Cir. 2014) (holding that waiting eight months after relevant change in law to bring a 60(b) motion was not within a reasonable time). Trottie's motion came almost three years after the district court had denied his petition and more than a year after we denied a COA. Trottie did not cite any newly discovered evidence or intervening changes in law. Therefore, the district court did not abuse its discretion in concluding that Trottie's motion was not brought "within a reasonable time," and he did not show good cause for the delay.

4

Turning to other bases for the district court's determination, we next consider whether the district court erred in determining that Trottie failed to present "extraordinary circumstances." A movant is required to "show 'extraordinary circumstances' justifying the reopening of a final judgment." *Diaz*, 731 F.3d at 374 (quoting *Gonzalez*, 545 U.S. at 535). Trottie did not demonstrate any "extraordinary circumstances" justifying the reopening of the district court's final judgment. Moreover, Trottie largely raised the same arguments regarding the Texas capital murder statute and ineffective assistance of counsel, which were previously considered and rejected by the district court and for which this court denied a COA. Insofar as Trottie sought to re-litigate claims that have already been litigated and resolved, "[a] Rule 60(b) motion is not a proper mechanism to re-litigate the merits of [previously litigated claims] and surely not a proper vehicle for doing so when the judgment from which [Trottie] seeks relief has been confirmed on appeal . . . ." *Hall v. Stephens*, No. 3:10-CV-135, 2014 WL 4215329 (5th Cir. Aug. 27, 2014); *see United States v. Hernandes*, 708 F.3d 680 (5th Cir. 2013) (holding Rule 60(b) motion should be construed as a successive habeas petition under § 2255 where it attacked the merits of the district court's resolution of the initial petition); *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012) (recognizing that a Rule 60(b) motion is proper only to challenge a procedural, not substantive error).

In addition to seeking 60(b) relief, Trottie requested an evidentiary hearing. It is unclear whether Trottie's motion for a COA asks this court to hold that the district court erred in not granting him an evidentiary hearing, or asks this court directly to order such a hearing. In either case, Trottie is not entitled to an evidentiary hearing. The district court did not err by refusing to grant a hearing, and there is no reason for this court to grant a hearing in response to the motion for a COA. A hearing is not appropriate where, as is

the case here, there are "no relevant factual disputes that would require development in order to assess the claims." *Williams v. Taylor*, 529 U.S. 420, 436 (2000). Furthermore, review of the state habeas proceeding "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). Thus, in reviewing any defects that Trottie alleges in his state habeas proceeding, the district court would be limited to the record that was before the state court. *See id.*

Trottie's argument for an evidentiary hearing turns, again, in large part on his ineffective assistance of counsel claims.[1] Trottie alleged that "[t]he state court's failure to consider the core of Trottie's ineffective assistance claim— that is, the inadequacy of the investigation conducted by trial counsel—opens the door to an evidentiary hearing before the District Court." Because these claims have already been considered and rejected, Trottie is not entitled to re-litigate them, and thus not entitled to an evidentiary hearing to develop them.[2] *See* § 2254(d); *Trottie*, 720 F.3d at 241–51. In addition, Trottie's request for an evidentiary hearing is foreclosed by § 2254(e)(2). *See* § 2254(e)(2) (restricting

---

[1] Trottie argues that he is entitled to an evidentiary hearing under *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). *Trevino* extended the application of *Martinez v. Ryan*, 566 U.S. 1 (2012), to Texas cases. In *Martinez*, the Supreme Court held that "an otherwise procedurally defaulted claim of ineffective assistance of counsel may be heard by a federal habeas court where it was not properly raised in the state habeas court on initial review due to state habeas counsel's ineffective representation." *Escamilla v. Stephens*, 749 F.3d 380, 395 (5th Cir. 2014) (emphasis omitted). "*Martinez* does not apply to claims that were fully adjudicated on the merits by the state habeas court because those claims are, by definition, not procedurally defaulted." *Id.* Trottie stated in his previous motion for a COA that he fully exhausted his ineffective assistance of counsel claims before the state habeas court. Thus, by Trottie's own admission, this is not a *Martinez* case, nor does Trottie assert that *Martinez* applies in his current motion for a COA. Thus, Trottie is not entitled to relief under *Martinez* or *Trevino*, and an evidentiary hearing is not warranted.

[2] Trottie makes much of the fact that neither state nor federal habeas counsel has been able to contact or procure an affidavit from Connie Williams, the trial counsel. The exact type of evidence Trottie seeks does not alter the conclusion that his ineffective assistance of counsel claims may not be re-litigated because they were already considered and rejected on the merits. *See* § 2254(d).

evidentiary hearings to narrow circumstances). Accordingly Trottie's request for a COA is DENIED.

Trottie also requests a stay of execution.  A stay of execution is an equitable remedy.  *Adams v. Thaler*, 679 F.3d 312, 318 (5th Cir. 2012) (citing *Hill v. McDonough*, 547 U.S. 573, 584 (2006)).  Nothing in Trottie's application for a COA requires further time for adjudication and Trottie has not demonstrated that he is entitled to a stay of execution.  As such, his motion for a stay is DENIED.