# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-70001

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2015

Lyle W. Cayce
Clerk

WILLIAM SPEER,

Petitioner - Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

In *Martinez* v. *Ryan*[1] and *Trevino* v. *Thaler*[2] the Supreme Court held that a habeas petitioner's procedural default of an ineffective assistance of trial counsel claim could be excused by a federal habeas court if, under certain circumstances, the petitioner received ineffective assistance of counsel during the state collateral review process.[3]

---

[1] 132 S. Ct. 1309 (2012).

[2] 133 S. Ct. 1911 (2013).

[3] *See Martinez*, 132 S. Ct. at 1318-19; *Trevino*, 133 S. Ct. at 1921.

No. 13-70001

Now pending before this court is a motion by the petitioner's federal habeas counsel to withdraw as counsel. Counsel argues that because he also represented the petitioner during state habeas proceedings, it would be a conflict of interest for him to now determine whether his state conduct was ineffective. Speer also requests the appointment of new counsel to investigate whether he has any viable claim under the rule established in *Martinez* and *Trevino*.

We do not read the Supreme Court's narrowly crafted decisions in *Martinez* or *Trevino* to require in this case the appointment of additional federal habeas counsel. Those cases provide only that the federal habeas court is not procedurally barred from hearing a prisoner's ineffective assistance of trial counsel claim if the petitioner's state habeas counsel was constitutionally ineffective.[4] They do not create a constitutional right to counsel on collateral review. They only offer remedial relief from procedural bars to the presentation of federal claims attending that defective performance.[5]

It is said that the petitioner is entitled to counsel on habeas review and that means conflict-free counsel. That there is no such constitutional right to counsel on collateral review aside, the petitioner enjoyed that right. The lawyer here had no conflict in arguing the constitutional claim of ineffective

---

[4] *See Martinez*, 132 S. Ct. at 1320 (emphasizing the "limited nature" of the exception to the procedural default rule); *see also Trevino*, 133 S. Ct. at 1922 (Roberts, C.J., dissenting) ("We were unusually explicit about the narrowness of our decision [in *Martinez*].").

[5] We also do not interpret the Supreme Court's recent decision in *Christeson v. Roper*, 135 S. Ct. 891 (2015), as supporting appointment of new or additional counsel for Speer. The Court considered whether to appoint new counsel when the possible claim of ineffective assistance of counsel had already been identified. The default was the failure of state habeas attorneys to contact their client until after the time for filing for habeas had expired; that delay made equitable tolling the only possible avenue for relief, which required arguing their own ineffectiveness. *Id.* at 892-93. Substitute counsel therefore needed to be appointed. *Id.* at 895-96. The obvious distinction is that Speer seeks counsel to search the record for whether there was any as-yet-unidentified default by state habeas counsel.

No. 13-70001

trial counsel to the federal court.  It signifies that the petitioner continues to enjoy all the rights *Martinez* and *Trevino* afford.

The petitioner's present lawyer is conflicted only in the sense that every lawyer charged to examine the performance of counsel is conflicted in that task when the performance is his own.  That has no bearing on counsel's charge to argue the substantive claim of ineffective assistance of trial counsel.  We do not read the Supreme Court as requiring a second federally appointed lawyer to plow the same ground ably plowed by the first federally appointed lawyer with no suggestion or hint of any shortcoming on his part.  By this manner of reason there is no end to the succession of potential appointments, for each previous lawyer might have been ineffective.

Though we do not interpret *Martinez* or *Trevino* as creating the right to new counsel that Speer insists those cases do, our task is not done.  18 U.S.C. § 3599 authorizes federal judges to appoint counsel for indigent federal habeas defendants in capital cases.[6]  We may also appoint supplemental counsel in federal habeas proceedings.[7]  We conclude that this authority should be used in the present case in the interest of justice.  Under that power, and mindful of the systematic benefits of efficiently resolving all potential claims as early in the habeas process as possible, we direct the appointment of supplemental counsel for the sole purpose of determining whether Speer has additional habeas claims that ought to have been brought.

The congressional grant of appointment power in habeas cases came in response to the challenges petitioners face in the complex and difficult law of the death penalty.  This authority enables federal appointments of separate counsel for state and federal habeas, an answer to today's perceived problem.

---

[6] 18 U.S.C. § 3599(a)(2).

[7] *Id.* (court may appoint "one or more attorneys").

No. 13-70001

In a case like this one, where present counsel has been actively engaged in this litigation for several years, and moves only late in the process for new counsel, that second appointment in the discretion of the district court may be of counsel who, while independent, counsel, would benefit from the often rich resource of the counsel who has been through the state habeas process and who has prosecuted the federal habeas action with no hint of inability.[8]  Such action is faithful to Congress's clear intent to promote continuity of representation in federal habeas actions.[9]

We support this practical answer in service of the larger goals of finality and federalism even though for now its dress is not unlike a solution in search of a problem.  We note in passing that we do not know whether the quality of representation by state habeas counsel who have subsequently been appointed as federal habeas counsel will result in such number of claims of ineffective assistance of counsel claims as to justify this belt-and-suspenders treatment, with its attendant problems of coordination and inefficiencies between the two attorneys, trade-offs which do the petitioner no service.[10]  This empirical

---

[8] Here, for example, the underlying constitutional violations alleged in the habeas petition were a speedy trial and *Brady* claim.  No ineffectiveness of trial counsel claims were raised either at the federal district court or before our court.

[9] *See* 18 U.S.C. § 3599(e) ("Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings.").  Under the plain text of the statute, existing counsel *must* continue unless excused by the court, which we decline to do in this instance, in light of the fact that any conflict appears to have been cured by the appointment of supplemental counsel to address a specific legal question: whether any procedural default of ineffective assistance of trial counsel claims by state habeas counsel may be excused.

[10] At the onset of the federal habeas litigation, the district judge may, of course, appoint as single federal habeas counsel a lawyer who did not participate in the state habeas action.  We appoint limited, supplemental counsel here so as not to lose the benefits and expertise of existing counsel, with all the inefficiencies that transition in representation would entail.

Our decision addresses the universe of cases where petitioner's counsel in his federal petition was also his state habeas counsel.  We do not reach, and express no opinion on, the separate question of whether the federal district judge should appoint the lawyer who

No. 13-70001

question is, in any event, beyond the scope of our decision. Its answer must lie in the United States District Courts, informed by their own experiences.

We express no opinion on whether any new claims would be barred by the Antiterrorism and Effective Death Penalty Act.[11] New claims, if any, must be resolved by the district court in the first instance.

Construing present counsel's motion to withdraw as a motion for the appointment of supplemental counsel, we GRANT the motion for the appointment of new supplemental counsel. Because the claims he brings are yet unresolved, we DENY the motion of present counsel to withdraw. We REMAND THIS CASE IN PART to the district court solely to appoint supplemental counsel consistent with this opinion and the requirements of 18 U.S.C. § 3599, and to consider in the first instance whether Speer can establish cause for the procedural default of any ineffective-assistance-of-trial-counsel claims pursuant to *Martinez* and *Trevino* that he may raise, and if so, whether those claims merit relief. We retain jurisdiction in the remainder of the case and STAY proceedings pending the conclusion of the district court's review.

---

prosecuted the state collateral review as federal counsel at the beginning of the federal habeas action.

[11] *See* 28 U.S.C. § 2254.

No. 13-70001

PRISCILLA R. OWEN, Circuit Judge, concurring:

I concur in the appointment of additional counsel essentially for the reasons set forth in my concurring opinion in *Mendoza v. Stephens*, No. 12-70035, -- F.3d -- (5th Cir. 2015) (OWEN, J. concurring).