# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-70006

United States Court of Appeals
Fifth Circuit

**FILED**

April 10, 2015

Lyle W. Cayce
Clerk

ROBERT LYNN PRUETT,

Petitioner - Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CV-465

Before STEWART, Chief Judge, and JOLLY and SMITH, Circuit Judges.

PER CURIAM:*

Robert Pruett was sentenced to death for capital murder in Texas and is scheduled to be executed on April 28, 2015. The district court granted a Certificate of Appealability (COA) authorizing Pruett to appeal the denial of his motion for relief under Federal Rule of Civil Procedure 60(b)(6). For the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-70006

reasons that follow, we hold that the district court did not abuse its discretion and AFFIRM its denial of Rule 60(b) relief.

I.

In 2002, Pruett was sentenced to death for the murder of Texas Department of Criminal Justice Correctional Officer Daniel Nagle, which he committed while serving a life sentence for a prior murder. The Texas Court of Criminal Appeals (TCCA) affirmed his conviction and sentence on direct appeal. *Pruett v. State*, No. 74,370, 2004 WL 3093232 (Tex. Crim. App. 2004). Pruett did not file a petition for a writ of certiorari.

On May 30, 2002, Richard Rogers was appointed to represent Pruett in state habeas proceedings. In his state habeas application, Pruett claimed that his trial counsel rendered ineffective assistance by failing to investigate and present mitigating evidence to the jury. The state habeas trial court held an evidentiary hearing and recommended that Pruett's conviction be set aside with respect to two claims, but recommended denial of all of his other claims. The state habeas trial court rejected Pruett's ineffective assistance of trial counsel (IATC) claim on the ground that Pruett did not specify what mitigating evidence his trial counsel should have presented. The TCCA adopted the trial court's findings and conclusions, with the exception of those in which the trial court recommended granting relief. *Ex parte Pruett*, 207 S.W.3d 767 (Tex. Crim. App. Oct. 19, 2005).

Although Pruett requested new counsel in federal court, the district court appointed Rogers, who had represented Pruett in the state habeas proceedings, to represent Pruett in federal court. Rogers filed a federal habeas petition on behalf of Pruett, raising an IATC claim identical to the one he presented in the state habeas proceedings. The district court denied relief on the ground that Pruett had failed to identify any specific mitigating evidence that should have been presented or would have been discovered had trial

No. 15-70006

counsel performed the mitigation investigation Pruett asserted they should have performed. The district court denied relief but granted a COA on two issues. *Pruett v. Thaler*, No. C-06-CA-465-H (S.D. Tex., Aug. 12, 2010). This Court affirmed the district court's denial of relief and denied Pruett's request to expand the grant of a COA. *Pruett v. Thaler*, 455 F. App'x 478, 487, 490-91 (5th Cir. 2011), *cert. denied*, 133 S. Ct. 141 (2012).

In 2012, the Supreme Court held in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), that ineffective assistance of state habeas counsel can constitute cause to excuse the procedural default of an ineffective-assistance-of-trial-counsel claim. Our Court held in *Ibarra v. Thaler*, 691 F.3d 677 (5th Cir. 2012), that *Martinez* does not apply in Texas cases. On May 28, 2013, the Supreme Court disagreed with our ruling in *Ibarra* and held that *Martinez* does apply in Texas cases. *Trevino v. Thaler*, 133 S. Ct. 1911 (2013).

On March 28, 2013, Pruett's current counsel filed a motion to substitute as counsel in place of Rogers. The district court granted the motion that same day. Throughout April and May 2013, Pruett's new counsel performed an investigation and obtained affidavits in support of an amended IATC claim based on trial counsel's failure to investigate and present mitigating evidence at the punishment phase of his capital murder trial. Pruett's execution was scheduled for May 2013, but that execution date was withdrawn to allow DNA testing pursuant to an agreed motion filed by the State and Pruett. At the conclusion of the DNA testing, the trial court found that it was "not reasonably probable that [Pruett] would have been acquitted had the new results been available at trial." *Pruett v. Texas*, No. AP-77,037 (Tex. Crim. App. Oct. 22, 2014) (unpublished order). The TCCA affirmed. *Id.* The Supreme Court denied Pruett's petition for a writ of certiorari on March 30, 2015. *Pruett v. Texas*, No. 14-8097, 2015 WL 302598 (U.S. Mar. 30, 2015).

No. 15-70006

On July 8, 2014, while the DNA proceedings were pending in state court, Pruett's counsel filed a subsequent state habeas application claiming that trial counsel were ineffective for failing to adequately investigate and present mitigating evidence. That application remained pending in the state court until December 10, 2014, when the TCCA dismissed it as an abuse of the writ. *Ex parte Pruett*, No. 62,099-02 (Tex. Crim. App. Dec. 10, 2014). Pruett's petition for a writ of certiorari is pending in the Supreme Court. *Pruett v. Texas*, No. 14-8837 (2015). Pruett also filed in the TCCA a motion for leave to file a petition for a writ of prohibition. That motion remains pending.

On January 6, 2015, more than four years after the entry of judgment denying federal habeas relief, Pruett filed in the district court the motion for relief from the judgment under Federal Rule of Civil Procedure 60(b)(6) that is now on appeal before this Court. In the Rule 60(b)(6) motion, he sought to present the IATC claim that he had presented in his subsequent state habeas application. Pruett alleged that his previous attorney, Richard Rogers, failed to properly present the IATC claim in his federal habeas petition because of a conflict of interest stemming from Rogers's representation of Pruett in both the state and federal habeas proceedings. Pruett argued that if he had been represented in federal court by someone other than Rogers, that attorney could have argued that Rogers rendered ineffective assistance in the state habeas proceedings, which would have excused the default of any new evidence that was not presented to the state court in support of his IATC claim. Pruett argued that the failure to appoint the conflict-free counsel he requested at the outset of federal habeas proceedings, coupled with the likelihood that doing so would have enabled new counsel to develop and present the amended IATC claim he sought to raise and have the claim and all the supporting evidence considered by the federal courts, constituted the extraordinary circumstances necessary to justify relief pursuant to Rule 60(b)(6).

No. 15-70006

The district court held that Pruett's motion was not filed within a reasonable time under Rule 60(b)(6). Pruett filed a Federal Rule of Civil Procedure 59(e) motion to alter or amend the order denying Rule 60(b) relief. The district court denied the Rule 59(e) motion, but it granted a COA on the issue of whether Pruett's Rule 60(b)(6) motion was filed within a reasonable time and whether Pruett has made a substantial showing of the denial of a constitutional right.

## II.

Pruett filed his Rule 60(b)(6) motion more than four years after the entry of judgment. A motion made pursuant to Rule 60(b)(6) must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). To demonstrate "any other reason that justifies relief" under Rule 60(b)(6), a petitioner must show "extraordinary circumstances." *See Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005). "Such circumstances will rarely occur in the habeas context." *Id*. at 535.

We review the denial of a Rule 60(b) motion for an abuse of discretion. *Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011). "It is not enough that the granting of relief might have been permissible, or even warranted . . . . [The] denial of relief must have been so unwarranted as to constitute an abuse of discretion." *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013) (citation omitted.

Pruett acknowledges that this Court has held that the change in decisional law brought about by *Martinez* and *Trevino* does not constitute an extraordinary circumstance that would justify reopening the judgment under Rule 60(b)(6). *See Diaz*, 731 F.3d at 376; *Adams v. Thaler*, 679 F.3d 312, 320 (5th Cir. 2012). He contends, however, that the extraordinary circumstance in his case arises from the fact that Rogers represented him in the initial federal habeas proceedings despite the fact that his professional, reputational, and pecuniary interests were adverse to Pruett's because, to adequately represent

## No. 15-70006

Pruett, he would have had to argue that he had rendered ineffective assistance when representing Pruett in the state habeas proceedings. For support, Pruett relies on the Supreme Court's decision in *Christeson v. Roper*, 135 S. Ct. 891 (2015) (per curiam). Pruett argues that his Rule 60(b) motion was timely filed under *Christeson* because the Court in *Christeson* held that the petitioner could pursue Rule 60(b) relief eight years after the district court had entered judgment denying habeas relief.

Christeson's first federal habeas petition was dismissed as untimely because his court-appointed counsel missed the filing deadline. 135 S. Ct. at 892. Because his counsel "could not be expected to argue that Christeson was entitled to the equitable tolling of the statute of limitations," inasmuch as such a motion would require that counsel argue "their own malfeasance," Christeson requested conflict-free substitute counsel. *Id.* at 892-93. The district court denied the motion for substitution of counsel and the Eighth Circuit Court of Appeals affirmed. *Id.* at 893. The Supreme Court reversed. *Id.* The Court held that counsel's conflict of interest was grounds for substitution of counsel under 18 U.S.C. § 3599, in the "interests of justice." *Id.* at 894-95. The Court stated that although Christeson, with substituted counsel, "might properly raise a claim for relief pursuant to Rule 60(b), . . . to obtain such relief he must demonstrate both the motion's timeliness" and "extraordinary circumstances." *Id.* at 895. Thus, nothing in *Christeson* supports Pruett's contention that his Rule 60(b) motion was filed within a reasonable time or that he has demonstrated the "extraordinary circumstances" required to reopen the judgment.[1]

---

[1] This Court's recent decisions in *Speer v. Stephens*, ___ F.3d ___, 2015 WL 1449798 (5th Cir. Mar. 30, 2015), and *Mendoza v. Stephens*, ___ F.3d ___, 2015 WL 1472131 (5th Cir. Mar. 30, 2015), do not lend any support to Pruett's argument that his Rule 60(b) motion was timely filed. In both of those cases, the petitioners were represented in federal habeas proceedings by the same counsel who had represented them in the state habeas proceedings.

No. 15-70006

Pruett's current, conflict-free counsel were appointed on March 28, 2013. Two months later, on May 28, 2013, the Supreme Court issued its decision in *Trevino*. By the time *Trevino* was decided, Pruett's counsel had been conducting their investigation for two months and had obtained all but one of the affidavits upon which they rely to support the amended IATC claim that they seek to present.[2]

There can be no question but that the decision in *Trevino* provided grounds for Pruett to file a Rule 60(b) motion asserting that Rogers, his initial federal habeas counsel, who also represented him in the state habeas proceedings, had a conflict of interest that precluded him from asserting his own ineffectiveness to excuse the failure to discover and present the mitigating evidence supporting the amended IATC claim that Pruett seeks to raise. And yet Pruett waited until January 6, 2015—more than nineteen months after *Trevino* was decided and his conflict-free counsel had completed their investigation of the claim—to file his Rule 60(b) motion.

Pruett argues that the district court failed to give proper consideration to the various pleadings his counsel had filed in state court and therefore failed to respect the important federalism principle that the state courts should be given the first opportunity to correct constitutional errors. However, Pruett did not file his subsequent state habeas application raising his amended IATC

---

Our Court, in the interests of justice, appointed supplemental counsel for the petitioners under 18 U.S.C. § 3599. As we have noted, Pruett was appointed conflict-free, substitute counsel on March 28, 2013, more than two years ago.

[2] In his reply brief, Pruett claims that his counsel's investigation was not complete in May 2013, and that he never made such a statement to the district court. However, the district court's order states that Pruett's counsel represented to the court that they had performed the investigation necessary to establish Pruett's ineffective assistance of counsel claim during April and May of 2013. Furthermore, all of the affidavits, except for the June 2014 affidavit of the jury foreman, that Pruett relies on in support of his amended IATC claim, are dated in April and May 2013.

claim until July 2014, fourteen months after his conflict-free counsel discovered the evidence he relies on to support it.  The only explanation Pruett offers for that fourteen-month delay is that counsel made reasonable decisions as to which claims to pursue first, and that they were busy presenting his motion for clemency, filed on April 30, 2013, and his request for forensic testing, filed on May 14, 2013.  He asserts that between the time he filed the forensic testing request on May 14, 2013, and the time it was denied by the state court on April 2, 2014, the trial court conducted four[3] hearings; counsel had to file multiple motions to compel the State's lab to produce a copy of its file; and counsel sought and obtained expert assistance in reviewing the analysis done by the State's lab.

Pruett's explanation for the delay fails to persuade us that the district court abused its discretion in holding that his Rule 60(b) motion was not filed within a reasonable time.  Again, as we have noted, the Supreme Court handed down its decision in *Trevino*, which provided the basis for the conflict of interest argument that Pruett asserted in his Rule 60(b) motion, on May 28, 2013.  Pruett's conflict-free counsel had been appointed two months earlier and, by the time *Trevino* was decided, they had already been investigating the IATC claim and had obtained all but one of the affidavits that Pruett relies on in support of his amended IATC claim.  Yet Pruett waited fourteen months to present his IATC claim in state court, and nineteen months to file his Rule 60(b)(6) motion in federal court.  Pruett has not offered any satisfactory explanation for why the clemency and DNA proceedings pending in state court prevented him from filing his subsequent state habeas application for fourteen months after he had obtained the evidence in support of the IATC claim, and

---

[3] The State contends that the state court's docket reflects only three court appearances in the DNA proceedings.

No. 15-70006

prevented him from filing his Rule 60(b) motion until January 2015. Accordingly, we hold that the district court did not abuse its discretion in concluding that Pruett's Rule 60(b) motion was not filed within a reasonable time. *See Tamayo v. Stephens*, 740 F.3d 986, 991 (5th Cir. 2014) (per curiam) (holding that Rule 60(b) motion filed nearly eight months after relevant Supreme Court decision, and two days before scheduled execution, was not filed within a reasonable time).[4]

## III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

[4] Our conclusion that the district court did not abuse its discretion is fully consistent with this Court's unpublished decision in *In re Paredes*, 587 F. App'x 805 (5th Cir. 2014). In that case, Paredes contacted conflict-free counsel in June 2014, thirteen months after the Supreme Court issued its opinion in *Trevino*, and filed his Rule 60(b) motion four months later, in October 2014. *Id.* at 825. This Court held that the motion was not filed within a reasonable time, "even assuming that the first time that Paredes should have been aware of [habeas counsel's] conflict of interest was when *Trevino* issued." *Id*. *See also Trottie v. Stephens*, 581 F. App'x 436, 438 (5th Cir. 2014) (holding that Rule 60(b) motion filed almost three years after the district court denied federal habeas relief was not filed within a reasonable time).