# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-70007

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2017

Lyle W. Cayce
Clerk

RAY MCARTHUR FREENEY,

  Petitioner–Appellant,

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

  Respondent–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-373

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:*

IT IS ORDERED that Appellant's motion to remand to the district court
to allow newly appointed counsel an opportunity to develop and present any
defaulted IATC claims and to seek to establish cause for the default is
DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-70007

**I**

Freeney was convicted in Texas state court of capital murder and sentenced to death. James Leitner was appointed as his state habeas counsel, and he, with the help of Michael Charlton, filed a habeas petition on January 24, 2005, asserting, in relevant respect, a claim that Freeney's trial counsel rendered ineffective assistance (IATC) "by not investigating, developing, and presenting readily available evidence during the punishment phase."

Over three years later, Leitner moved to withdraw. The state trial court granted the motion and subsequently appointed Donald Vernay. Three years later, the State filed a motion pursuant to Texas Code of Criminal Procedure article 11.071 § 8 to have a factual issue concerning the IATC claim designated as unresolved. Both parties filed proposed findings of fact and conclusions of law. The state trial court adopted the State's propositions and recommended that the Texas Court of Criminal Appeals (TCCA) deny relief on the merits, concluding that Freeney had established neither ineffective assistance nor prejudice. The TCCA subsequently instructed the state trial court to resolve certain factual issues that remained;[1] the state trial court did so and again recommended that the TCCA deny relief because Freeney had established neither ineffective assistance nor prejudice; and the TCCA adopted the state trial court's findings and conclusions, resulting in an order denying Freeney habeas relief.[2]

Vernay filed a motion in federal district court to have himself and Charlton appointed as federal habeas counsel. After the district court granted the motion, Charlton moved to withdraw. In his motion, filed on October 27,

---

[1] *Ex parte Freeney*, No. WR-78109-01, 2013 WL 1182745, at *2 (Tex. Crim. App. Mar. 20, 2013).

[2] *Ex parte Freeney*, No. WR-78109-01, 2014 WL 333695, at *1 (Tex. Crim. App. Jan. 29, 2014).

2014, Charlton stated that *Martinez v. Ryan*[3] necessitated his withdrawal because "[h]e was responsible for the investigation of Mr. Freeney's claims and for the development and filing of Mr. Freeney's petition for writ of habeas corpus" in state court. He also noted that "[a]fter careful consideration," both he and Vernay concluded that "it [was] in Mr. Freeney's interest that Mr. Vernay be permitted to proceed acting as Mr. Freeney's sole counsel." The district court granted the motion on November 19, 2014, and on January 26, 2015, Vernay filed Freeney's federal habeas petition.

The Director of the Correctional Institutions Division of the Texas Department of Criminal Justice (the Director) moved for summary judgment, asserting, in pertinent part, that 28 U.S.C. § 2254(d) barred relief on Freeney's IATC claim. The district court granted the motion. It reasoned that the state habeas court's resolution of his IATC claim "was not contrary to, or an unreasonable application of federal law." The district court also declined to issue a certificate of appealability (COA).

Freeney sought a COA from this court. While the application was pending, Vernay retired from legal practice. This court appointed new counsel on December 12, 2016. Five months later, on May 24, 2017, Freeney's new counsel moved to remand the case to district court and requested a stay of the appellate proceeding "pending the conclusion of the district court's review."

**II**

Freeney seeks remand so that "the district court [may] consider, in the first instance, whether Mr. Freeney can establish cause for the procedural default of any [IATC] claims he may raise, and if so, whether those claims merit relief." Although he states his purpose broadly, he limits the substantive content of his briefing to an argument that Vernay failed to develop the factual

---

[3] 566 U.S. 1 (2012).

basis for the IATC claim raised in Freeney's state habeas petition. A fully developed claim, Freeney asserts, would be in a "significantly different and stronger evidentiary posture," rendering it unexhausted and, according to Freeney, procedurally defaulted.[4] Freeney argues that Vernay's failure to develop the claim equates to ineffective assistance of counsel providing cause, pursuant to *Martinez* and *Trevino v. Thaler*,[5] to excuse the purported procedural default. Because "Vernay . . . could not evaluate the shortcomings of his own work," Freeney maintains, Vernay labored under a conflict of interest, which violated Freeney's "statutory right to conflict-free counsel" and requires remand.

In support of his motion, he principally relies on *Speer v. Stephens*[6] and *Mendoza v. Stephens*,[7] two recent Fifth Circuit cases he views as "essentially identical" to this case. This assertion, however, is both legally and factually inaccurate. First, in *Speer* and *Mendoza*, the court remanded so that the district court, in light of *Martinez* and *Trevino*, could *appoint supplemental counsel* pursuant to 18 U.S.C. § 3599(e).[8] The analysis of a motion to appoint supplemental counsel is driven by the Supreme Court's reasoning in *Christeson v. Roper*[9] and *Martel v. Clair*,[10] both of which addressed motions to substitute counsel—not motions to remand after the petitioner already had conflict-free counsel.[11] Second, as the concurrence in *Mendoza* notes, the

---

[4] S*ee* TEX. CODE CRIM. P. 11.071 § 5(a); *Kittelson v. Dretke*, 426 F.3d 306, 315 (5th Cir. 2005) ("[I]f the prisoner fails to exhaust available state remedies, and the state court to which the prisoner would have to present his claims in order to exhaust them would find the claims procedurally barred, the prisoner has defaulted those claims.").

[5] 133 S. Ct. 1911 (2013).

[6] 781 F.3d 784 (5th Cir. 2015).

[7] 783 F.3d 203 (5th Cir. 2015) (per curiam).

[8] *Speer*, 781 F.3d at 785-86; *Mendoza*, 783 F.3d at 204 (OWEN, J., concurring).

[9] 135 S. Ct. 891 (2015) (per curiam).

[10] 565 U.S. 648 (2012).

[11] *Christeson*, 135 S. Ct. at 893-94; *Martel*, 565 U.S. at 657 (assessing the "standard that district courts should use to adjudicate federal habeas petitioners' motions to substitute

petitioner in that case moved for supplemental counsel sixty-five days after the Supreme Court issued *Trevino*. [12]    The petitioner in *Speer* moved for supplemental counsel eighty-seven days after *Trevino* issued.[13]  As is evident from the nature of the motions filed in *Speer* and *Mendoza*, neither petitioner had conflict-free counsel before filing.  Conversely, Freeney received conflict-free counsel on December 12, 2016, and filed a motion to remand to assert a claim pursuant to *Martinez* and *Trevino* on May 24, 2017—163 days after receiving conflict-free counsel and almost four years after the Court decided *Trevino*.  One of Freeney's attorneys, citing *Martinez*, withdrew on October 27, 2014, before Freeney filed his federal habeas petition, a filing which also occurred well after *Trevino* issued.

This court's statutory authority to remand derives from 28 U.S.C. § 2106, which states that "any . . . court of appellate jurisdiction . . . may remand the cause and . . . require such further proceedings to be had as may be just under the circumstances."  This statute grants appellate courts "broad authority to dispose of district court judgments as they see fit,"[14] but, as the Supreme Court has repeatedly admonished, discretionary decisions must nevertheless "be guided by sound legal principles."[15]

---

counsel in capital cases" and then determining "whether the District Court abused its discretion in denying [the petitioner's] second request for new counsel under § 3599's 'interests of justice' standard").

[12] *Mendoza*, 783 F.3d at 209 (OWEN, J., concurring).

[13] *Compare* Motion to Abate Appeal and Appoint Counsel at 5, *Speer v. Stephens*, 781 F.3d 784 (5th Cir. 2015) (No. 13-70001) (reflecting that the petitioner filed the motion on August 23, 2013), *with Trevino v. Thaler*, 133 S. Ct. 1911 (2013) (Decided on May 28, 2013).

[14] *GuideOne Specialty Mut. Ins. Co. v. Missionary Church of Disciples of Jesus Christ*, 687 F.3d 676, 682 n.3 (5th Cir. 2012) (citing § 2106); *accord United States v. Macias*, 435 F.2d 1294, 1295 (5th Cir. 1971) (per curiam) (noting that the Fifth Circuit has "broad discretion to 'require such further proceedings to be had as may be just under the circumstances'" (quoting § 2106)).

[15] *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005)).

No. 16-70007

Freeney initiated federal habeas proceedings after the issuance of *Trevino* and after one of his two attorneys withdrew because "[h]e was responsible for the investigation of Mr. Freeney's claims and for the development and filing of Mr. Freeney's petition for writ of habeas corpus" in state court.  By at least this latter point, Freeney should have known of the ineffectiveness of state habeas counsel claim that he contends should provide cause to excuse the procedural default of an ineffective assistance of trial counsel claim.  Yet at no point did Freeney seek additional counsel to explore the claim he now wishes to raise on remand.  He did not raise this claim until approximately two years and six months after his attorney withdrew and nearly four years after *Trevino* issued.  It cannot be doubted that this delay was unreasonable,[16] and Freeney has not argued to the contrary.  To the extent that responsibility for Vernay's purported conflict is relevant,[17] Freeney bears substantial responsibility for failing to request Vernay's removal despite the notice the withdrawal of his other attorney provided.

**\*    \*    \***

Accordingly, the motion to remand is DENIED.

---

[16] *See Martel*, 565 U.S. at 662 (noting that, in the context of a request for appointment of substitute counsel, "[p]rotecting against abusive delay *is* an interest of justice").

[17] *See id.* at 663 (noting that the client's responsibility for a conflict is relevant in considering a request for appointment of substitute counsel).